Simon, J.
delivered the opinion of the court.
The plaintiff alleges that the defendant, who is the syndic of the insolvent estate of Green B. Davis, deceased, refuses to place him on the tableau of distribution, as a creditor of said estate for the sum of $1,956, and interest. He states that G. B. Davis was his tutor,' that the said sum is the amount of a sale of the property of his, plaintiff’s, deceased father, according to the process verbal of sale made by the court of probates; and that the deceased (G. B. Davis), had failed to render any account of his administration of the plaintiff’s estate.
Defendant answered by denying plaintiff’s heirship, pleading the general [261] issue, and further averring that he had filed a tableau of distribution, &c., &c. The court of probates rendered judgment in favor of the plaintiff for $1,586, with interest, and after having unsuccessfully attempted to obtain a new trial, defendant appealed.
The appellee has prayed in his answer that the judgment appealed from be so amended as to allow him the whole amount proven to have come into the hands of his tutor; and he has accordingly called our attention to a bill of exceptions taken to the opinion of the judge a quo, permitting the defendant to prove that a payment of $400 had been made by the deceased to a creditor of plaintiff’s father. This evidence was objected to on the ground that under the plea of the general issue, no such proof could be legally admitted, payment being required to be specially pleaded.
"We think the probate judge did not err. The general rule certainly is that no evidence can be adduced to prove payment, unless such payment has been specially pleaded; and if the defendant had already paid to the plaintiff the whole or any part of the sum claimed, the plea of payment would have been necessary to enable him to avail himself of such defence; and it is clear that the plea of the general issue would not be sufficient, for that plea denies the total or partial existence of the debt, whilst on the contrary, the plea of payment admits it, at least in part. 6 La. Rep. 455; 9 Id. 108.
But in this case the plaintiff sues for the whole amount of his father’s estate, and his claim is denied by the plea of the general issue: we see no reason why the defendant should not be permitted to show that the plaintiff had no claim, by proving that the debts of the father exceeded the proceeds of the sale, without the necessity of pleading payment. Such plea relates particularly to the transactions had between the plaintiff and defendant in relation to the amount of the debt sued for, and exclusively to sums paid by defendant to plaintiff in discharge or part payment of his demand.
[262] By the Code of Practice, art. 998, minors are authorized to institute suits in the court of probates to recover the sums which they suppose to be due by their tutors. This is what the plaintiff has done. He could have no claim beyond the net proceeds of his father’s estate, after the payment of the debts of the latter. And we are of opinion that under the plea of the general issue, the defendant had a right to show that the plaintiff had no claim at all, or a lesser one than that set up. Under the same plea he might have shown money legally expended for the maintenance and education of the *161 plaintiff, and in general every payment to any other person but the plaintiff, which tended to destroy or lessen his liability as averred by the plaintiff.
There is no necessity for our examining the next bill of exceptions found in the record, as the evidence admitted by the court did not avail the defendant.
But the appellant has directed our attention to the application by him made to the court below for a new trial on the ground of newly discovered evidence since the trial of the cause, and which, as he swears in his affidavit, he could not with due diligence have obtained before.
It appears from what has been intimated and even asserted in argument and denied, that the existence of the evidence alluded to in the motion for a new trial, was discovered during the progress of the trial, and whilst one of the defendant’s witnesses was under examination. Under such circumstances we are not ready to say that, if the defendant had arrested the trial, by moving the court for a continuance of the cause, until he could procure the testimony of the witnesses able to prove the material facts newly discovered, such continuance, which is always within the discretionary power of the court, should not have been granted (Code of Prac. art. 468), and that if it had been improperly refused, he would not have obtained relief at our hands. But the defendant, although in possession of sufficient information on the existence of evidence, which he afterwards swore to be material and impor- [268] cant, permitted the trial to proceed, and thus, in our opinion, has precluded himself from claiming the benefit of it on a motion for a new trial. It is perfectly clear that, in the words of art. 561, of the Oode of Practice, the evidence was not discovered since the judgment was rendered, and that the defendant, far from showing that he had used every effort and diligence in his power to procure the testimony before judgment, thought he could do without it, and made no attempt whatever to obtain it.
On the whole, we think the judgment of the lower court is correct; credit was allowed to the defendant for $400, as being the amount of a debt proven to have been due and paid to one of the witnesses; and although it has been shown that the purchases made by this creditor at the sale of the property of the estate of plaintiff’s father, amounted to $646, there is no evidence that any more than $400 was applied to the satisfaction of the debt.
It is therefore ordered, adjudged and decreed, that the judgment of the probate court be affirmed, with costs.