## No. 10,106.

### CHARLES U. GAUDET vs. CHARLES J. GAUTHREAUX ET ALS.

Rules applicable to estoppels *in pais* cannot always be invoked in cases of estoppels by recitals, particularly in judicial proceedings.

The law holds parties to their allegations of record, and does not permit them to falsify what they have solemnly declared to be the fact.

The only means by which courts can protect the integrity of judicial proceedings, is the sanctity which the law throws around them.

To the rule there are exceptions, within which this case does not fall.

A party who has judicially declared to have sold property to married women, authorized by their husbands and purchasing for *themselves*, will not be heard subsequently to say that he sold the same to the husbands and to claim from them a deficiency between the notes and the proceeds of the real estate, under judicial authority.

Gaudet vs. Gauthreaux et als.

A PPEAL from the Twenty-second District Court, Parish of St. James. *Rost, J.*

*Robt. G. Dugué* for Plaintiff and Appellant.

*Sims & Poché* for Defendants and Appellees:

1. It is of the essence of good conscience and morality that a party litigant should be consistent in his declarations, acts and demands before a court of justice. That is also the law, and it is as it should be, so that judicial forms and remedies may not be perverted to unworthy uses.

2. Our jurisprudence has uniformly recognized and enforced the wise and salutary doctrine which firmly binds a party to his judicial declarations and forbids him from subsequently contradicting his statements thus made. Farrar vs. Stacy, 2 Ann. 211; 29 Ann. 293: Gridley vs. Connor, 4 Ann. 416; 32 Ann. 962, 979; 33 Ann. 1370; 35 Ann. 743. "The doctrine is so firmly sanctioned both by reason and justice, that our courts have unhesitatingly extended its operation to the State itself." 28 Ann. 460; '28 Ann. 121; 34 Ann. 360; 30 Ann. 1309; 37 Ann. 107; Greenleaf, Vol. 1, p. 204; Bigelow on Estoppel, p. 293, Nos. 3 and 4.

3. The record clearly shows: That from the time of the sale by plaintiff and his wife of their undivided half of the plantation to the four Gauthreauxs, Charles, Lise, Aline (wife of Nicolle, appellee, and Céline (wife of Poirier, appellee)—31st of March, 1884—until plaintiff's receipt of their share of the proceeds of sale in the partition suit of Beltran, in April, 1886, he, plaintiff, studiously treated Aline and Céline Gauthreaux as part owners of the property and as his debtors. Their husbands (appellees here) had been entirely ignored up to that time as parties in interest: 38 Ann. 106, Beltran vs. Gauthreaux et als. After receiving the shares of Aline and Céline as co-proprietors of Beltran in the partition suit, and crediting a part of the amount on the notes held by him, plaintiff, in May, 1886, filed this suit against them and their husbands (appellees here) *in solido*, to recover the balance due on the notes. Appellees interposed the plea of estoppel, and it was sustained by the district court.

4. It is contended by the appellees that the principles and authorities above set forth and cited are directly applicable to the state of facts presented by the record, and that the judgment of the lower court ought to be affirmed.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an action to recover the difference between the amount of certain notes and that which was realized by the judicial sale of real estate by which payment was secured.

It is brought against two married women, their husbands and two other persons, who signed the notes, which were issued in settlement of the price of the property subsequently thus sold.

It is founded upon the averment that the sale of the land was made to the husbands by the plaintiff, and that they are bound *in solido* for the difference claimed.

The defense is that the plaintiff is *estopped* from claiming any part

of the notes from the husbands, because they never acquired the property and never bound themselves to the payment of the notes to any extent, the plaintiff himself having judicially admitted that, when he sold the property, he conveyed it to the *wives*, and that this declaration estops him from now pleading that he sold it to the *husbands*.

From a judgment sustaining the plea, the plaintiff has appealed.

It appears that after the maturity of the notes the plaintiff brought suit *via executiva* to enforce their payment, annexing a copy of the act of sale by him to the purchasers and also the original notes, to his petition.

The act declares that the vendor (plaintiff) sells his three-sixths, or one-half, of the property among others, to the two ladies, Alice Gauthreaux, wife of Arthur Nicolle, and Céline Gauthreaux, wife of Eugene Poirier, they being joined and duly assisted and authorized by their said husbands, all being present, accepting and purchasing *for them selves*, their heirs and assigns, now and forever, etc.

In the petition for executory process, the plaintiff averred that he had sold the real estate to the two ladies and two others, the former signing the notes, each, with the authority of her husband. The act and the notes form part of the petition in the present suit.

The declarations in both the act and in the petition are therefore clearly that the property was sold to, and the notes signed by, the *wives*, authorized by their husbands, and that they purchased *for themselves*.

If it be true that such was the case, how can the plaintiff be now heard to say that he sold to the husbands, who are liable as heads of the community?

He is concluded by his judicial averments, which consist not only of the allegations in the petition, but also of the reciprocal acknowledgment embodied in the act of sale, which is annexed to the petition as part.

The act does not purport in the least to be a purchase for the community or by the husbands. On its face, it purports to be a purchase by the *wives for themselves and heirs forever.*

This declaration would conclude the husbands and it does surely the vendor.

It may subserve some useful purpose, auxiliary to the views expressed and to the conclusions reached, to say that the property affected

with vendor's lien and special mortgage to secure the notes in question was sold in a partition suit at the instance of R. Beltran, as co-owners, to which the plaintiff was a party, and that in the petition the wives and not the husbands were represented as co-proprietors.

Reference to those proceedings shows that it is out of the amount realized by the sale that the plaintiff received the sum with which the notes now sued on, were credited.

It is unnecessary to state how far the plaintiff may be considered as concluded by his acts and doings, but it may be asked whether, if, instead of receiving the proceeds, he had become the purchaser, he could have denied the co-ownership of the wives, and claimed title from the husbands.

The doctrine of estoppel, to which appellant refers, applies exclusively to cases of estoppel *en pais*, and not to cases of estoppels by recitals, or written admissions, the strongest of which is that of acknowledgments or declarations in judicial proceedings.

The law holds parties to their allegations of record. It does not allow them to play fast and loose, to falsify what they have solemnly declared to be a fact—the truth.

Such averments are the highest evidence against the party making them. They are not subject to explanation or contradiction *ab extra*, as a rule ; so that what appears to be of record is to be proved thereby only, and nothing conflicting therewith can be admitted. Delacroix vs. Provost, 6 M. 280; Freeman vs. Savage, 2 Ann. 269; also, 211 ; Denter vs. Erwin, 5 Ann. 18; Gridley vs. Connor, 4 Ann. 416 ; Webster vs. Smith, 6 Ann. 719 ; Edson vs. Freret, 11 Ann. 710 ; Bigelow on Estoppels, 4 (note), 266 et seq ; 293 Nos. 3 and 4.

A previous court has well said :

" It is a well-settled rule in the administration of justice that a party will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding. The only means of courts to protect the integrity of judicial proceedings are the sanctity which the law throws around them." Bender vs. Belknap, 23 Ann. 765 ; see also Devall vs. Watterston, 18 Ann. 141 ; New Orleans vs. Southern Bank, 31 Ann. 564 ; 30 Ann. 1309 ; 32 Ann. 962, 979 ; 33 Ann. 1370.

To the broad rule for estoppel there exist numerous exceptions, but within these, the present case does not fall.

The district judge ruled correctly.

Judgment affirmed.