Chase vs. Gas Light Co.

## No. 11,026.

### KATHERINE SHERRY CHASE VS. NEW ORLEANS GAS LIGHT COMPANY.

1. The burden of pleading does not devolve upon the defendant unless he has a special defence.

Sued as a " third possessor," the defendant pleaded affirmatively, and alleged *inter alia* that the mortgage claim of plaintiff did not attach, for causes assigned, to the properties plaintiff seeks to have sold.

Though the descriptive allegations were not as clear and complete as they should have been, notice was given to the opposite party of the grounds of defence, and it furnishes ample evidence in all future controversies of what was decided on the issues presented.

The ruling of the District Court admitting the testimony remains.

2. The notice of demand was signed by the sheriff and not by the clerk. The irregularity is cured if the defendant allows the property to be sold without objecting.

3. Proceedings to sell property under an order of seizure and sale, after the seizure of the property, were not stayed by the mere commencement of proceedings in the United States District Court.

4. Sales made by virtue of " writs of seizure and sale " which were issued, and the seizure made prior to the enactment abolishing them and completed subsequently under the authority of courts to which they were transferred, are not null.

APPEAL from the Civil District Court, Parish of Orleans.
       *Ellis, J.*

*Geo. L. Bright*, for Plaintiff and Appellant, cited:

Hughes vs. United States, 4 Wall. 232; 14 Peters R. 156; Greanleaf Ev., Secs. 329, 530; City Bank vs. Walden, 1 An. 46; Louisiana State Bank vs. Orleans Manufacturing Co., 3 An. 294; Opinion of District Judge, p. 22; Pratt vs. Peters, 49 N. W. R., p. 766; Millbank vs. Jones, 28 N. E. R., p. 31; Winn vs. Gilmer, 16 S. W. R., p. 1058; 6 La. 111; 17 La. 82, 259, 371; 49 La. 542; Gas Co. vs. Hudson, 5 Rob. 486; Bludworth vs. Hunter, 9 Rob. 263; 9 La. An. 119.

The regular practice is to object to the evidence.  21 An. 271; 20 An. 193.

*Buck, Dinkelspiel & Hart* for Defendant and Appellee:

1. A judgment maintaining an exception of no cause of action may serve as a basis for the plea of *res adjudicata.*  35 An. 553.

2. The hypothecary action does not lie except against a possessor under title.  26 An. 608.

3. A creditor holding a mortgage with the pact *de non alienando* is not bound by any sale of the property to which he is not a party.  33 An. 758; 113 U. S. 293.

4. Proceedings in bankruptcy do not affect seizures of property pending at the time the proceedings were filed.  14 Wall. 419; 16 Wall. 501; 20 Wall. 414; 21 Wall. 642; 91 U. S. 521; 3 Woods, 569.

Chase vs. Gas Light Co.

5. Where notice of demand was signed by the sheriff instead of the clerk, the irregularity does not affect the sale. 29 An. 262-206; 9 Robinson, 423; 30 An. 86; 33 An. 126.

6. Proceedings pending in the courts of the parish of Orleans were not affected by the adoption of the Constitution of 1879. See Art. 257.

---

The opinion of the court was delivered by

BREAUX, J. The husband of plaintiff was indebted to her for paraphernal funds aggregating $11,480.

He acknowledged receiving the amounts from his wife in a notarial act, on 29th March, 1877, which was recorded in the mortgage office on the 2d day of April of that year, and it is stated in the act that he disposed of them for his individual interest. The act was reinscribed on the 1st day of August, 1890.

Plaintiff seeks to enforce her legal mortgage by the hypothecary action against the properties described in her petition, in possession of the defendant company, as "their possessor."

She alleges that the lots were owned by her husband at the date of the inscription of her claim and became subject to her legal mortgage.

It is proven that at his death plaintiff's husband did not own any property.

### General Denial and a Special Defence.

We will for a moment interrupt the statement of facts in order to consider and determine an objection of plaintiff to testimony offered by the defendant (and admitted by the court) on the ground that the answer is vague and indefinite; that it does not show in what cause the property was sold, what court issued the process, at whose suit and for what amount, nor that it was sold for a claim that primed the plaintiff for an amount insufficient to pay both.

That it contains nothing in avoidance of plaintiff's claim, and that all evidence offered in support of that part of the answer should have been rejected.

The contention of plaintiff, if sustained, would limit the cause to the facts stated in her petition and to the general denial, which puts at issue the facts necessary to plaintiff's recovery. This would, if sustained, abbreviate the facts of the case.

The answer reserves the exceptions overruled and contains a general denial, and further answering the respondent says: "That as

Chase vs. Gas Light Co.

to the first and second pieces of real estate described in the petition of plaintiff, her said so-called mortgage never attached for the reason that said property was sold under foreclosure proceedings against the vendor, C. H. Chase, upon a claim identified with a notarial act of mortgage containing the pact *de non alienando.*

"That as to the third property, said so-called mortgage never attached, because when the pretended evidence thereof was recorded in the mortgage office said property was then under seizure by the civil sheriff, and that when subsequently sold by him, said inscription being subordinate to the writ under which the sheriff held the property, as well as the mortgage upon which said writ issued, was canceled."

We have examined the decisions of this court, to which our attention is invited, as well as others upon the point involved.

They sustain the general proposition that the general denial only puts at issue the facts necessary to plaintiff's recovery.

Discussions have been frequent and many rulings have been made in the application of this principle governing pleadings.

The following is our summary of the decisions referred to in plaintiff's counsel's brief:

Payment is a peremptory exception going to extinguish the action and plea in compensation and reconvention, and should be set forth with the same certainty as to amount, dates, etc., as if the party offering them were himself a plaintiff in a direct action. Gleises vs. Faurie, 6 L. 457; Landry vs. Bauguon, 17 L. 82; White vs. Moreno, 17 L. 371; Mortimer vs. Zoppeau, 9 L. 109; McKim vs. Mathes, 19 L. 542; Bludworth vs. Lambeth, 9 R. 263.

Principles are laid down in these cases on the subject of pleading which do not admit of discussion. They do not apply to the case at bar.

In other decisions referred to it is held that under the general issue the defendant has a right to show that plaintiff has no claims or a less one than he sets up, or show money legally expended for his maintenance; and in general payment may be proved; made to any other person than the plaintiff, which tend to lessen or destroy the demand.

The defendant can not be permitted to set up a special defence under the general issue, for the plaintiff would be taken by surprise

Pleas will not be listened to not made below. Davis vs. Davis,

Syndic, 17 La. 259; N. O. Gas Light and Banking Co. vs. Hudson, 5 R. 486.

The general issue reduces the controversy between the parties to the question of truth or falsity of the plaintiff's allegation and the legal effects of the facts when proven. Wells vs. St. Dizier, 9 An. 120.

These cases present issues with reference to the admissibility of evidence under the plea of general denial, and are not in that respect analogous to the case at bar.

The special allegations in defendant's answer are not inconsistent but in harmony with the plea of general denial. They are a part of the defence supporting the issues, and affirming an hypothesis opposite to that alleged in the petition.

Conceding that this answer is not as clear and explicit as it should have been, it is not made apparent nor is it suggested that plaintiff was taken by surprise, and deprived of the means of meeting the issue. N. O. Gas Light and Banking Co. vs. Hudson, 5 R. 486.

" If by loose mode of pleading either party should be surprised the law has vested ample power in the judge to correct the injury." Livingston vs. Heerman, 9 M. 710.

Under the general issue, independently of other allegations, the court observes: "The pleading is certainly very bad, but the attorneys mistaking compensation for payment does not change the substance of the defence." Collins vs. Pellerin, 6 An. 36.

Courts look to the substance of the plea. Chom vs. Merrill, 9 An. 583.

"A major allegation may dispense with a minor allegation." Bethemont vs. Davis, 8 M. 291; Schiff vs. Wilson, 3 N. S. 91; Carpenter vs. Featherston, 15 An. 235.

The district judge has admitted the evidence.

The ruling is not without or beyond the object contemplated in requiring that notice shall be given to the opposite party.

### Statement of the Facts Resumed.

The remainder of the facts are that two of the lots described in plaintiff's petition as subject to her mortgage were acquired from W. C. Lipscomb, May 29, 1872, by plaintiff's husband, for $20,000 cash, and he assumed notes due by his vendor, Lipscomb, in favor of the latter's vendor, amounting to $35,000. Lipscomb had purchased from Penn.

The third lot, also proceeded against, was bought by plaintiff's husband from the same vendor, Lipscomb, on the same day, for $1890 cash, and $3670 in vendor's notes assumed in favor of Penn's vendor to the said Lipscomb.

The deeds of sale were duly recorded at the time. They contain the pact *de non alienando*. The credit portion of the price not having been paid, to enforce payment, proceedings *via executiva* were taken in the Fourth District Court, on the 10th of February, 1874, by the holder of the unpaid note against the lot *thirdly* described in the plaintiff's petition.

The notice of seizure, the advertisement, and the other proceedings were in due form, except the notice of demand served, which was signed by the sheriff, instead of the clerk as required. The property was kept under seizure until July 12, 1881, at which time it was sold for $5000 cash, to pay the mortgage debt. The sheriff's deed was properly recorded and the mortgage inscription for plaintiff's paraphernal claim now proceeded on by her was canceled and erased from the mortgage records on August 2, 1881.

In the Superior District Court of Orleans parish, another creditor, holder of vendor's mortgage notes assumed by plaintiff's husband on the 12th day of July, 1875, proceeded also *via executiva* against the first and second lots.

The writ of seizure and sale issued July 13, 1875. The sheriff served all the notices required after the seizure and all the required formalities were observed, except that, as with the seizure and sale of Lot 3, the notice of demand was signed by the sheriff and not by the clerk.

The property was under seizure until June 15, 1877, when it was adjudicated to the plaintiff in the executory proceedings, the New Orleans Savings Institution, for $16,670, being less than the amount due this creditor. In other words, the first lots were seized July 19, 1875, and the last, referred to above, in February, 1874. They were kept under seizure by the sheriff until the sale; the former was adjudicated by him to said creditor June 15, 1877, and the latter July 12, 1881.

In reference to the informality of the notice of demand and the prematurity of the seizure, the record discloses that in one of the said cases the notice of demand signed by the sheriff was served on the 14th day of July, 1875. The writ of seizure and sale issued on

the 13th day of that month and year. The notice of seizure was served July 19, 1875.

Plaintiff's husband, C. H. Chase, went into bankruptcy in the United States District Court on April 2, 1877. He placed these properties on his schedule, also the notes proceeded on in the exec·utory process suit, Nos. 42,843 and 43,506.

The judgment is for defendant, from which the plaintiff appeals.

The plaintiff argues that these sales are nullities and do not affect its rights because the notices of the demands were issued by the sheriff, instead of by the clerk in said executory process; that the writ was, as a consequence, a nullity, and the seizure of the property thereunder was likewise a nullity in each case.

The plaintiff's further contention is that the bankrupt court acquired exclusive jurisdiction over the properties and that a sale thereafter by executory process issued by a State court is null.

Plaintiff lastly urges against the said executory proceedings that a sale made after the Superior District Court had been abolished under writs issued by these respective courts prior to the law abolishing them are null.

### 2.—*Irregularity of the Notice of Demand.*

Relative to the notice of demand and its issuance by the sheriff: It has been held that it is an irregularity.

In Hart and Hebert vs. Pike, Brother & Co., 29 An. 262, the question was decided in an injunction suit. (The injunction issued prior to the sale.) The court sustained the injunction, but stated "We·have lately held that where the notice was signed and served by the sheriff, he having the note in his hands at the time, it was not such an irregularity as would vitiate the sale."

During the same session, a short time prior to the decision of this case, this court held in Jouet vs. Mortimer, 29 An. 206, that "the signing by the sheriff of the notices of demand made on the defendant in executory proceedings is an irregularity which can only be availed of by the defendant by pleading before the sale of the mortgaged property."

That the notice to the debtor is issued by the sheriff instead of by the clerk is not such an irregularity as to justify the annulling of the sale made under the proceedings. Sadler vs. Henderson, 35 An. 826.

In Billgery vs. Ferguson, 30 An. 85, the cases reported 29 An. 262,

20

and 206 are referred to approvingly, and the court held that " if such notice had been issued by the sheriff, and objection to it is formally made *before* any sale of the seized property has taken place the objection will be sustained."

In Nash vs. Johnson, 9 R. 12, the court held in effect that the object of the law is notice and an opportunity to the defendant to protect his rights; the form of the notice is not material.

These decisions have settled the question. The informality is cured by the sale preceded by the required advertisement, notice of seizure and other formalities.

The act of an unauthorized official in giving the notice of demand is given effect to if the parties defendant do not choose to avail themselves, prior to the sale, of the irregularity.

With reference to prematurity in issuing the writ:

After the order of seizure and sale is signed a delay is accorded to the debtor from the date of service of demand before the issuing of the writ.

The ministerial act of the clerk in affixing his signature to the writ before the expiration of the delays can not operate to the prejudice of the defendant.

None of his rights are thereby affected.

After the sale in the proceedings in which the clerk has thus acted prematurely it offers no ground for its nullity.

A writ prematurely dated, not acted upon, which remains in the clerk's possession, can not invalidate an acquired title.

### 3.—The Bankruptcy Proceedings.

Question arises in reference to sales made by the State courts after the declaration of bankruptcy under process which issued prior.

The plaintiff argues that they are null and void, and did not have the effect of canceling her mortgage.

As above stated the seizures were made prior to the surrender in bankruptcy, and the sale some time after.

The evidence discloses that two of the pieces of property described in the petition of the plaintiff were sold at the suit of the New Orleans Savings Institution vs. W. C. Lipscomb (the vendor to Chase) under an act importing a confession of judgment and containing the *pact de non alienando*.

Neither under the bankruptcy laws nor under the State insolvency

laws does the property of the bankrupt, notwithstanding the *pact de non alienando*, pass to the assignee or syndic at the date of the declaration in bankruptcy or insolvency.

In so far as relates to foreclosure proceedings the vendee can acquire no rights therein nor make such transfer or assignment as will bind the creditor to proceed against the subsequent owners of the property.

In Avegno vs. Schmitt, 115 U. S. 293, that court held that the mortgagee may enforce his mortgage by proceeding against the mortgagor alone, notwithstanding the alienation of the property, and applied the rule to the alienation by confiscation—*i. e.*, the court decided that a decree confiscating real estate under the confiscation act of July 17, 1862, did not prevent the mortgagee from closing his mortgage against the mortgagor alone.

The contractual stipulation securing the said pact is a right binding third persons.

A number of cases of this court are approvingly referred to and quoted from in the opinion in the Avegno case, and it is held in clear terms that the mortgagee is not bound to proceed against the "third possessor."

The assignee and those who become owners of property are without right to disseize a State court from its jurisdiction after seizure. The property was *in gremio legis*.

We do not rest our conclusion solely on the effects of the pact *de non alienando*, when process is directed against the mortgagor of property surrendered in bankruptcy by the third possessor, but rest it also upon the further reason that the proceedings under which the property was sold passed title.

The third piece of property in the order of description in plaintiff's petition was sold in proceedings *via executiva* directly against the mortgagor, Chase.

The stipulation *de non alienando* is not therefore involved as to the third lot.

The irregularity of the notice of demand is urged as similar to that affecting the sale of lots one and two. We can only add that the form of the notice of demand does not give rise to a question to set aside and annul a sale.

The uniformity of the decisions upon the subject preclude any other conclusion.

It is argued by the plaintiff that in matters of bankruptcy the United States District Court is vested with jurisdiction, although the property may be under seizure by process issued by a State court.

It does not appear of record that the mortgage creditors, under whose claims the properiy involved was sold, were parties to the proceedings or ever notified.

No plea was ever interposed, at any time before the sale, in the State courts.

The sheriff's seizure dates before the commencement of proceedings in bankruptcy.

The assignee takes only the bankrupt's interest in property. He has no control over the other interests which other parties, not parties to the proceedings, have therein.

He does not *ipso facto* become seized as trustee of every article of property in which the bankrupt has any interest or share. Bump on Bankruptcy, 7 E., p. 289; Goddard, Assignee, vs. Weaver, 1 Woods, p. 257; Switzer vs. Heims, 27 An. 25.

### 4.—*Transfer of Writs of Seizure and Sale.*

That the writs under which the property was sold ceased to have any legal effect is the last question argued.

The maxim of law " that the court should amplify its remedies without usurping jurisdiction, to apply its rules to the advancement of substantial justice," is not without application.

" The presumptions are always in favor of the court's jurisdiction." Am. and Eng. Ency., Vol 12, p. 305.

By Act 61 of 1877 the Superior District Court was abolished and its records in cases acted upon or still pending were transferred to the Third District Court, and the latter was vested with jurisdiction in the premises.

This court was charged with certain functions devolving upon the Superior District Court, " with jurisdiction in the premises," which includes writs issued and the proceedings pending thereunder.

There is no manifest *casus omissus;* it was obviously the intention to transfer the causes pending in the Superior District Court to the Third District Court.

This court had jurisdiction of causes arising in the execution of writs.

They are part of the causes pending and inseparable from the judgments they were issued to execute.

They are accessory issues, and within the application of the principle *cujus juris principale, ejusdem juris accessorium.*

They were pending issues at the time before the Superior District Court, which passed to Third District Court, and from that court the proceedings of foreclosure of the mortgage on the property thirdly described, which was sold in 1881, were transferred to the present Civil District Court under the operation of Art. 261 of the Constitution.

The sheriff had the authority to execute the writs, as they remained valid under the different transfers made.

The plaintiff alleged that the defendant is a " third possessor," and as such made him a party defendant.

The action against a third possessor implies that he holds title to the property sufficient to defend against the demand that he should pay the debt or abandon the property.

He had the right to stand in judgment.

The effect of the judicial sale in the executory proceedings extinguished all mortgage claims remaining and subsequent to the claim under which the properties were sold.

Judgment affirmed at appellant's costs.

Rehearing refused.