DAWKINS, J.
Plaintiff alleges that he is the- owner of the following described property situated in the Third municipal district of the city of New Orleans, to wit:
1. Square No. 1660 (old No. 96), bounded by Industry, Agriculture, Monroe, and Gordon str66ts*
2. Square No. 1661 (old No. 95), bounded by Industry, Agriculture, Gordon and Benton streets;
3. Square No. 1662 (old No. 94), 'founded by Industry, Agriculture, Williams, atd Benton streets; and
4.. Square No. 1663 (old No. 93), bounded by Industry, Agriculture, Williams, and Adams or Montgomery streets.
The petition sets out a full chain of title running back to the government, and alleges that plaintiff has had a certain measure of possession, and that defendant is slandering his title by virtue of certain instruments of record in the conveyance office for Orleans parish. It is further alleged, in the alternative, that if plaintiff’s possession should be found insufficient to support an action in jactitation, and that defendant is not in possession, that the court should “ * * * hear and determine this cause under the provisions of Act No. 38 of 1908, and determine the title to said property,” as between plaintiff and defendant. The prayer was that the alleged slanderous acts be ordered canceled and erased from the conveyance records, and for damages in the sum of $250, and, in the alternative, that plaintiff be decreed the owner of the property and entitled to the possession thereof.
Defendant answered, claiming title in itself to all of the property except 26 lots, and—
“That in the four squares above mentioned bearing Nos. 93 (now 1663), 94 (now 1662), 95 (now 1661), and 96 (now 1660), the said Ohia-pella and his heirs and the plaintiff herein own, if anything, as this defendant admits, only 7, 7, 7, and 5 lots, respectively, making in all 26 lots fronting Industry street, by a depth of • * * as set forth in the Journot plan, and the defendant herein is the owner of all the remaining portion of said squares, for having acquired the same in the manner indicated above.”
Defendant also sets out its full chain of title, calls its vendor, William Winans Wall, *345 in warranty, prays that plaintiff’s demands be rejected for any portion off the property in excess of that which it admitted to belong to him, and aslcs that it he decreed the owner of the remainder, and, in the alternative, if plaintiff be allowed to recover, that it have judgments against its said warrantor in the ¡aim Of $477.50, as “one-half of the price paid by him for said property.”
After the issues were thus made up, the defendant appeared, and, through its counsel, filed the following motion, to wit:
“On motion of Benjamin Ory, attorney 'for the Leopold Weil Building & Improvement Company, defendant herein, and on suggesting to the court that the plaintiff herein claims title in section 69, township 12, south, range 12 east, and the defendant claims title in the section adjoining in the rear of said section 69, known as section 28, same township and range; that they both claim title under the United States government ; that there is no conflict of title between said plaintiff and defendant, as is shown by the annexed official plot of said sections 28 and 69; that the only matter in dispute herein is the boundary line between said sections 28 and 69, and that the legal establishment of said boundary can only be definitely and correctly settled and established by a survey made herein in accordance with law, and the defendant is desirous of having said boundary line finally and definitely established in-order to end this suit, the same never having heretofore been established as required by law: It is ordered by the court that B. G. Carbajal, plaintiff herein, show cause on Monday, the 8th day of March, 1915, at 11 o’clock a. m., why a survey should not be ordered herein of the boundary line between the hereinbefore mentioned sections 28 and 69, wherein the property of the plaintiff and defendant is situated, to be made by a duly qualified surveyor of this city in accordance with law, and ordering that he make due report to this court of his actions and findings in the premises.”
There was attached to this motion a small sketch of township 12 S., range 12 E., St. Hel. meridian, S. E. district, E. of river, certified by the register of the United States Land Office.
Plaintiff acquiesced in the motion and the court accordingly appointed a surveyor (Walter J. Seghus) to locate the line between the two sections, and, upon his refusal to act, counsel for plaintiff and defendant joined in a motion asking the appointment of one E. L. Eustis in his stead. The latter, having made the survey as ordered, filed his procSs verbal and report on February 21, 1916, and thereupon the plaintiff opposed said report as being insufficient and incomplete. This opposition was sustained—
“* * * to the extent of ordering said surveyor to proceed anew to establish the boundary line between the properties in dispute in strict accordance with the field notes of George H. Grandjean, surveyor, filed in the record.”
Thereafter Eustis, surveyor, filed a second report or survey on April 16, 1917. On May 7, 1917, counsel for the plaintiff moved for the acceptance of said second procés verbal and survey, which was opposed by defendant, and the case having been submitted, both on said rule and on the merits, the district court on January 29, 1918, rendered judgment homologating and approving “ * * * the report and procSs verbal of E. L. Eustis, surveyor, and accompanying plan of survey filed by him on the 16th day of April, 1917,” and in favor of plaintiff against defendant, “recognizing said plaintiff as the owner of the property described in his petition,” and ordering the erasure of the deed complained of by plaintiff as operating a slander upon his said title.
The case was appealed to the Court of Appeal for Orleans parish, which affirmed the judgment of the district court, and the matter is now before us for review.
Opinion.
Two points are raised by the applicant, to wit: (1) That the district court erred in refusing to permit the introduction of the defendant’s title deeds in evidence to aid in determining the question of boundary, which it contends would have turned the case in its favor; and (2) that the court could not order *347 a cancellation of the defendant’s title to the property in dispute in an action of boundary.
On the first question it is well to consider the issues as they stood at the time the point was raised.
Plaintiff had instituted an action in slander, with an alternative prayer for the trial of title with defendant under Act 38 of 1908, which permits that issue to be determined in cases where no one is in possession of the property. Defendant had answered, denying the slander, and claiming title in itself to the major portion of the property. At this point the defendant filed a motion, in which it judicially declared that there was no conflict between it and the plaintiff as to their titles, that defendant was claiming property situated in section 69, township 12 S., range 12 E., while plaintiff claimed only in section 28, of the same township and range, and that the whole matter could be terminated and the suit ended by fixing the boundary line between said sections. This view had been accepted by the plaintiff, and the court, with the consent of the parties, appointed an expert or surveyor to locate the line. Two reports were made, and the second was finally accepted and approved by the court. On the trial this last report was objected to by the defendant, as follows:
“The warrantor objects to the report offered in evidence, because it is obvious, from an inspection of the procSs verbal of the surveyor appointed, that he adopted as a basis for the survey the United States survey of the property made by Grandjean subsequent to 1870, whereas he should have proceeded on the basis of the Journot plans incorporated in the title, and according to which the line was fixed by Bei> noudy and Tricou and Williams and Oanonges, the then owners of the property, by which both plaintiff and defendant are bound as privies.”
[1] However, it will be seen, from the motion of the defendant for the survey and the copy of the official plat of the Land Office annexed thereto, that at the time defendant ■was evidently relying upon the government survey and field notes, and not upon any private plat or agreement between prior vendors or privies. In other words, in effect, the parties consented to convert the action into one of boundary, and to determine that issue exclusively upon a correct location of the official (government) boundary line between sections 28 and 69. This they had a right to do. Russell v. Producers’ Oil Co., 143 La. 220, 78 South. 473.
[2] In these circumstances, all evidence, save such as tended to show the correctness or incorrectness of the work of the surveyors in locating that line, became irrelevant, at least in so far as this suit was concerned.
[3] Defendant urges that under articles 835, 841, 843, and 845 of the Civil Code, the title papers must be produced and exhibited to the surveyor and the court in determining a question of boundary. But it must be remembered that the issue of boundary in this case was not submitted, either to surveyor or the court, upon the titles of the parties, but was confined exclusively to one point of fact; i. e., the location of the official boundary line, not between the properties of the parties, but between sections 28 and 69. Therefore the articles of the Code could have no bearing upon the matter. The defendant cannot be permitted to escape the effect of its judicial admission or declaration upon a question of fact, which was to be determined on the ground or property by a fixed rule or plan, merely because when so determined, it. showed the property in dispute to be within the area which it had conceded belonged to the plaintiff. Gaudet v. Gauthreaux, 40 La. Ann. 186, 3 South. 645; Durham v. Williams, 32 La. Ann. 962.
[4] There was more than the mere question of boundary involved in the result to flow from the location of the line between sections 28 and 69; if the property in dispute proved to be in section 28, it was conceded to belong to plaintiff; if in 69, it was to be that of defendant. Thus the issue was made and de- *349 dded, and neither party can now complain of the result.
It is not seriously contended that there is any error in the report of the surveyor (Eus-tis). In any event, the errors, if such exist, have not been pointed out by defendant.
For the reasons assigned, the judgment of the Court of Appeal is affirmed, at the cost of the applicant.
O’NIELL, J., dissents from the ruling that defendant’s title deeds were not admissible.