No.——

First Circuit

———

BAY SHOE CO., INC., v. NACOL

———

(June 12, 1928.   Opinion and Decree.)

———

.(*Syllabus by the Editor*)

1. **Louisiana Digest—Guaranty—Par. 20.**

Where "A" guarantees the debts of Mrs. "B" to the merchant "C," "C" is not equitably estopped against suing "A" because he first sued Mr. "B" without having given "A" any notice, "A" not having been misled by the allegations of the first suit.

2. **Louisiana   Digest—Guaranty—Par.   19, 23; Suretyship—Par. 19, 49, 63.**

The right of the surety to plead that the debtor for whom he has obligated himself, has paid the debt, or part of it must be specially pleaded by him in order to avail himself of this defense.

3. **Louisiana Digest—Guaranty—Par. 21.**

Where the evidence although conflicting, shows that "A" guaranteed the debts of Mrs. "B" in writing, there must be judgment for plaintiff against the surety where these debts are proven.

Appeal from the Parish of St. Landry. Hon. B. H. Pavy, Judge.

Action by Bay Shoe Co., Inc., against S. J. Nacol.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Sandoz and Sandoz, of Opelousas, attorneys for plaintiff, appellee.

R. Lee Garland and L. Austin Fontenot, of Opelousas, attorneys for defendant, appellant.

MOUTON, J.  It is alleged by plaintiff that he sold goods, merchandise, etc., to Mrs. Gabe Saloum, a resident of Port Arthur, Texas, for the sum of $1133.92, upon which indebtedness she has paid $675.00, leaving a balance of $458.92 due petitioner; that prior to the shipment of the goods, S. J. Nacol, the father of Mrs. Saloum, in order to induce petitioner to advance these goods to his daughter, sent a telegram to petitioner reading as follows: "Will guarantee payment of order of Mrs. Saloum.  She bought of you," which was dated Eunice, La., October 16, 1923.  Plaintiff avers that Mrs. Gabe Saloum has gone into bankruptcy since the creation of said indebtedness, and that it is therefore compelled to look to S. J. Nacol, defendant and guarantor, for payment.

The foregoing which constitutes the substantial allegations of fact in plaintiff's petition, is denied by defendant.  The defendant, in addition to its denial of the allegations of plaintiff's petition, avers that whatever goods or merchandise sold by plaintiff, more particularly such as appear in the invoices filed by plaintiff, were sold to one Gabe Saloum of Port Arthur, Texas; that plaintiff in May, 1925, instituted suit in Jefferson County, Texas, against Gabe

Saloum for the identical goods and merchandise, payment of which is now claimed against respondent in this suit. Under these averments, defendant pleads that plaintiff is judicially estopped from now claiming from Mrs. Gabe Saloum or from defendant, payment for the purchase price of those goods under any contract of guarantee, which is not admitted, but on the contrary, denied.

The pleas in denial and estoppel, are the only defenses urged by defendant in his answer, and there are no other pleas filed.

## ESTOPPEL

It appears from the evidence that plaintiff attempted to collect the debt from Gabe Saloum with the view of relieving defendant from his liability under the guarantee, and which was intended for his benefit. The defendant was not a party to the proceedings in the County Court of Texas, and has no ground to rest his plea of estoppel. Such estoppels are not favored, this criticism, not applying, however, to equitable estoppels which aré founded on principles of morality, equity and justice. The estoppel pleaded, if maintained, would defeat the ends of justice and equity. Plaintiff is therefore not estopped from asserting this claim against defendant.

## MERITS

When the purported telegram of defendant, of date October 15, 1923, was offered in evidence, counsel for defendant objected to its introduction on the ground that it was not admissible until its genuineness had first been established, or until it was shown that it had been sent by the party whose name is typewritten as the sender. The contention is made here that the telegram was inadmissible under the ruling of the Supreme Court in the case reported in Ruhlman vs. Smith, 15 La. Ann. 669.

In that case a paper purporting to contain a dispatch received in Philadelphia from Columbus, Georgia, was offered in evidence. The Court said no proof had been made that the paper produced was in the handwriting of any person employed in the Philadelphia office at the time it purported to have been received, nor had its authenticity been established in any other manner. The Court held that the exception made to its reception as proof, because there was no proof of its genuineness or authenticity, had been well taken, and that the instrument should have been excluded.

C. N. Fortier, office manager for plaintiff company at New Orleans, says on or about October 15, 1923, he wired defendant at Eunice, that plaintiff would ship goods to Mrs. Gabe Saloum on regular terms if he would guarantee the account. He says defendant wired back: "Will guarantee payment of order of Mrs. Gabe Saloum. She bought from you." A copy of this telegram, which Fortier claims to have received, is filed in the record. There was no record of the telegram procured from the Western Union Telegraph office at Eunice. The present manager at the telegraph office at Eunice said that their records do not show telegrams further back than one year, and that all those prior to that period of time are supposed to have been destroyed. Let us say that the copy of the telegram on the proof offered by plaintiff was inadmissible under the ruling of the Court in Ruhlman vs. Smith, 15 La. Ann. 669, and that it should have been excluded from the record. Even if passed over without consideration, we find sufficient evidence in the record to show that defendant had obligated himself as guarantor for his daughter Mrs. Gabe Saloum.

In a letter dated Feb. 23, 1924, at Eunice,

addressed to plaintiff company, among other things therein mentioned, the letter says: "I back Mrs. Gabe Saloum for $800.00." This letter is signed S. J. Nacol. In another letter dated at Eunice, June 11, 1924, addressed to plaintiff company, and to which is signed the name of S. J. Nacol, the following statement is made: "Your letter was received and beg to say I asked Mrs. Gabe Saloum how their account stood with you. She said she paid you four hundred dollars." Defendant says he can not write. He admits he can sign his name, and says that his boy writes his letters, but denies that he wrote those letters. If the testimony of defendant is true, the only conclusion then, is, that some one forged the letter of February 23, 1924, with the intention of binding defendant as guarantor for Mrs. Gabe Saloum. Not only that, but someone also forged another letter on June 11, 1924, merely for the pleasure of conveying the information to plaintiff that defendant had visited Mrs. Saloum at Port Arthur, and had made inquiries in reference to her account with plaintiff company. All that is possible but entirely improbable.

Plaintiff company also introduced in evidence the copy of a letter purporting to have been written by it to defendant of date June 16, 1924. This letter begins as follows: "Replying to your letter of the 11th, regarding the account of Mrs. Gabe Saloum, will state this party is owing us a balance of $411.00 on her first bill we sold her in October, 1923, which account you can now well see is now nine months old." Defendant says he knows nothing about that letter. He therefore denies that he received it. If his testimony is true in that respect, we would again be forced to the conclusion that plaintiff company had fabricated this letter to make evidence to establish its claim against defendant. We cannot believe that, and we do not think

the trial Court could have reconciled itself to any such idea. We are of the opinion that if defendant did not write the letters above mentioned or did not sign them, that they were written and signed by his boy or someone else at his own dictation, and that in the letter of February 23, 1924, he bound himself as guarantor for his daughter.

The amount filed in evidence is carried against Mrs. Gabe Saloum. C. N. Fortier testifies that all the payments received were applied to her account, including the sum of $695.00, which had been sent in by Gabe Saloum, her husband. He testifies that the notes plaintiff had taken from Mrs. Gabe Saloum, and which the record shows were proceeded upon in the case filed in the Texas Court, had been taken in trying to protect defendant as far as plaintiff company was able to do so. There is no doubt, in our opinion, that the debt had been contracted by Mrs. Gabe Saloum, and that defendant had obligated himself as her surety or guarantor.

Defendant says, admitting for argument's sake that he is liable as guarantor, he contends, that his liability must be limited to the invoice of goods then ordered from the plaintiff by Mrs. Saloum aggregating the sum of $811.20, and that as against this, he must be credited with the payment received by plaintiff from her which amounted to $675.00, thus leaving a balance of $136.20 yet due on the invoice referred to in the telegram. His contention is that if he is held as guarantor, his obligation must be restricted, as in his telegram the guarantee was for the order: "She bought from you," and was not a continuing guarantee. In support of this contention defendant places his reliance on the case of Bloom vs. Leon Kern & Company, 30 La. Ann. 1263, wherein the Court held as follows:

"The promise of a surety assuring the payment of the price of a specific lot of goods to be sold to the principal debtor is not a continuing guarantee, and hence does not cover other goods subsequently sold to the same principal. Where the debts are of like nature the imputation of payment is made to the debt longest due."

The plea of payment is a peremptory exception, and if sustained, extinguishes the debt. It may be pleaded in any stage of the action, previous to definitive judgment, but it must be specially pleaded. C. P. 345, 346; Reimers vs. St. Ceron, 19 La. Ann. 207; Suc. of Smith, 9 La. 108; Courtney vs. Davidson, 6 La. 455; Mauras vs. Brewer, 17 La. 82; Relf & Co. vs. Bortjohn Watt & Co., 17 La. 259.

The obligation of the surety is to discharge the obligation or debt, if the debtor does not. C. C. 3035. He has the right to plead that the debtor for whom he has obligated himself, has paid the debt, or part of it, but he must specially plead this defense. In the very case cited by defendant, Bloom & Co. vs. Kern, 30 La. Ann. 1263, Marx had agreed to become surety for Kern, his brother-in-law. In that case the Court found that Marx had not bound himself under a continuing guarantee and that his suretyship had to be restricted to the purchase price of one lot, invoice or stock of goods. It is true the Court held that his obligation had to be limited to that particular invoice, but the defense urged by Marx, as guarantor, was, that this particular lot or stock of goods had been paid by Kern, the debtor, shortly after Marx had become his surety. In this case, defendant should have followed a similar course and should have specially pled that Mrs. Gabe Saloum had paid a portion of her debt to plaintiff, thus relieving him to that extent. Defendant cannot now, in the brief filed in this Court, urge this plea of payment without any plea in the record to support it.

Judgment was properly rendered for the amount claimed.

———

LECHE, J. Concurring: An admission which may give rise to the plea of estoppel, must be of a fact, and not of law, for every one is presumed to know the law, a presumption which, as facetiously remarked by one of our judges, is very violent, but which nevertheless exists of necessity, and is universally recognized, and therefore no one can excuse himself or justify himself on the ground that he was deceived or misled by an incorrect or false statement of law made by his adversary. An admission of a fact on the other hand, made by a person who should know whether the fact is true, to another whom he knows to be ignorant of it, may mislead the latter and cause him to act on the faith of such admission. The one who has made the admission is then morally estopped from denying the existence of such fact. The law discountenances deception, and a plea of estoppel under these conditions, bars the person who has made the declaration of fact from asserting the contrary.

Judicial admissions which are ground for the plea of estoppel, must be admissions of fact and they give rise to the plea of estoppel on two grounds:

1. Because the law holds parties to their allegations of record. "It does not allow them to play fast and loose, to falsify what they have solemnly declared to be a fact—the truth." Gaudet vs. Gauthreaux, 40 La. Ann. 189, 3 So. 645. In that case, the Court further says:

"It is a well settled rule in the administration of justice that a party will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding. The only means of Courts to protect the integrity of judicial proceedings, is the sanctity which the law throws around them."

2. Because it is morally wrong to permit a litigant who has asserted a fact upon the faith of which his adversary has acted, to turn about later on and deny the fact.

It thus appears that judicial admission once made, may not be denied, first on the ground that such denial violated the integrity of judicial proceedings, and second on the ground that such denial would sanction the practice of deception and is immoral. In the case of Farley vs. Frost-Johnson Lumber Company, 133 L. 499, 63 So. 122, the subject of estoppel by judicial admissions is discussed in full and at length. All the previous jurisprudence in this State is reviewed, many decisions are collated, quoted and analyzed, and apparent inconsistencies in these decisions are mentioned and explained. It is pointed out in that case, that even the theory advanced in the decision of Gaudet vs. Gauthreaux, 40 La. Ann. 189, 3 So. 645, based upon the sanctity which the law throws around judicial proceedings, is not recognized by the Courts in general and has even been repudiated. See page 541. It was held in the Farley case that where an admission is made in another suit, to which the one offering the plea of estoppel was not a party, and had not acted thereon, and was not thereby prejudiced, there is no ground to support that plea.

It must be observed in the present case that whether Mr. Gabe Saloum or Mrs. Gabe Saloum, his wife, owed the debt, is as much a question of law as it is a question of fact. The law part of the question could not be the basis of estoppel and the fact involved, was better known to Mrs. Saloum's father, Nacol, than to plaintiff. There can therefore be no ground for equitable estoppel, as Nacol could not be misled by the allegations of the suit brought in the State of Texas against Mr. Saloum, and for the further reason that he was not a party to that suit.

A more recent decision on this subject is that of Wiley vs. Stewart, 145 La. 1088, 83 So. 260, where the Farley vs. Frost-Johnson doctrine is affirmed.

For these reasons, I believe the opinion in this case correctly applies the law on defendant's plea of estoppel.