CHARLES J. RIVET, Judge ad hoc.
Charles W. Harris instituted this action on May 7, 1957, claiming to be the record owner of two lots in the Second District of New Orleans, by a chain of title running back to a public sale made in 1911. Pie im-pleaded Robert E. Smith as alleged claimant of the lots, and prayed for judgment against him, the City of New Orleans, and the Sewerage and Water Board of New Orleans, confirming and quieting his title, recognizing him as sole owner of the two lots and prohibiting all defendants from claiming any title or rights to any part of said lots.
Plaintiff makes no allegation as to possession by anyone.
In his petition he gives the following two descriptions of the lots:
“Two certain lots of ground, together with all improvements etc., situated in the Second District of this City in Square 876 (formerly part of Square No. 401) bounded by Anthony St. (now Argonne), St. Peter (now Gen. Haig) and Mason (now Kenilworth) Streets and Taylor (now Florida Ave.) Avenue, designated by the numbers 1 and 2 on plan by Elbert G. Sandoz, C. E. & S., on April 18, 1928. Said lots adjoin each other, and Lot 1 measures 32 feet 8 inches on the Southerly line of the *749 right of way on the N. O. T. Company’s RR a frontage of 5 feet 7 inches on Taylor Avenue, a depth on the line of Lot 2 of 105 feet, 7 inches 2 lines and a width in the rear (and on the line of what is said to have been Shell Road) of 36 feet 3 inches. Lot 2 measures 31 feet 7 inches and 2 lines front on Taylor Avenue and has a depth of 105 feet 7 inches between equal and parallel lines.
“The said property was acquired by his vendor under the following descriptions :
“Two certain lots of ground, situated in the Second District of this City in Square No. 876 bounded by Taylor Avenue, Shell Road, Anthony and St. Peter Streets, designated by the numbers 1 and 2. Lot No. 1 measures about 38 feet 3 inches on the right of way of the New Orleans Terminal Company Railroad, 36 feet 3 inches on the Shell Road, 94 feet 2 inches 4 lines on Anthony Street and 105 feet 7 inches 2 lines on the other side line. Lot No. 2 measures 31 feet and 7 inches on Taylor Avenue by 105 feet 7 inches in depth between parallel lines.”
By agreement of counsel and consent of the Court, the City of New Orleans was ■dismissed below, on exceptions.
The Sewerage and Water Board of New ■Orleans pleaded a continuous and apparent servitude over the lots resulting from the location thereon for more than thirty years of sewerage, water, and drainage facilities, which all parties concede.
Defendant Smith resisted plaintiff’s demands, denied plaintiff’s ownership, and alleged that he, the City of New Orleans, and the New Orleans Terminal Company are ■sole owners of the property described in ■plaintiff’s petition, by virtue of a purchase in 1945 from New Orleans Land Company of seven lots (numbered 13 to 19, both inclusive), in Square 401, Second District, New Orleans, composed of ten lots (Nos. 3 to 12, both inclusive) in old Square 876, Second District, New Orleans. He alleged that part of the lots claimed by plaintiff are part of lots 14 and 15 of Square 401, of which he has had actual, open, peaceful, public, notorious and legal possession since his acquisition thereof in 1945 for value and in good faith and pleaded the acquisitive prescription of ten years.
Smith further alleged that part of the property claimed by plaintiff has formed part of two public streets for more than thirty years; and that other parts of said two lots are owned by New Orleans Terminal Company as part of the latter’s right of way existing for more than seventy-five years. He called his vendor, New Orleans Land Company in warranty, to protect his title, or in the event of his eviction to pay him $7500.
New Orleans Land Company appeared in answer to the call in warranty, adopted all pleas and defenses set up by Smith; admitted its sale to the latter and pleaded prescriptions of ten, twenty and thirty years under its own title and that of its vendee. It denied that the value of the property in controversy exceeded $500.
By special plea Smith adopted the pre-. scriptions of twenty and thirty years pleaded by his warrantor.
The trial judge rendered judgment confirming and quieting the plaintiff’s title, recognizing him as sole owner of the whole of the two lots as described with reference to the Sandoz plan, subject only to the servitude of the Sewerage and Water Board of New Orleans (fully described in the judgment). The judgment further enjoined Smith from claiming or setting up any right, title or interest to any part of the two lots as described and awarded Smith $370 against his warrantor.
Appeals were perfected by New Orleans Land Company from the judgment in favor of Harris and against it in favor of Smith, and by Smith, as to the judgment in favor of Harris. It is conceded by all parties that the judgment in favor of the Sew *750 erage and Water Board of New Orleans is correct.
The record discloses that the plaintiff and the defendant, Smith, trace their respective titles to the same public sale made pursuant to a judgment of partition in the matter of Buegnot v. Wogan.
Records of the Conveyance Office for the Parish of Orleans show that among other lots the auctioneer offered for sale lots 1 to 12, inclusive, in Square 876 of the Second District of New Orleans, hounded by Taylor Avenue, Shell Road, Anthony and St. Peter Streets, of which lots 3 to 12, inclusive, were adjudicated to New Orleans Land Company, and lots 1 and 2 to National Realty Company. The proces verbal of the auctioneer recites that the general dimensions and outlines of the property are in accordance with a plan by Chas. Del I’sle, Surveyor, dated February 3, 1862. This plan is not in evidence, and the parties admit that it cannot be found. In the proces verbal of adjudication the lots are described as hav- ■ ing the following measurements:
Lot 1, about 38 feet 3 inches front on the right of way of the N. O. Terminal Co. R. R., 36 feet 3 inches on the Shell Road, 94 feet 2 inches and 4 lines on Anthony Street and 105 feet 7 inches and 2 lines on the side line of lot 2.
Lot 2, 31 feet 7 inches front on Taylor Avenue by a depth of 105 feet 7 inches and 2 lines between parallel lines.
Lot 3 to 11, inclusive, each 31 feet 3 inches on Taylor Avenue by a depth of 105 feet 7 inches and 2 lines between parallel lines.
Lot 12, forming the corner of Taylor Avenue and St. Peter Street, 31 feet and 7 inches on Taylor Avenue by a depth of 105 feet 7 inches 2 lines between parallel lines.
On April 6, 1938, National Realty Company sold lots 1 and 2 to Dr. Oser, and on December 31, 1938, the latter sold to the plaintiff, both conveyances being duly recorded and both containing the double description as quoted supra from plaintiff’s petition.
In 1945 defendant Smith acquired from New Orleans Land Company, by recorded deed, 7 lots in Square 401, Second District, bounded by Florida Avenue (formerly Taylor Ave.) Kenilworth (formerly Scott), General Haig (formerly St. Peter) and Argonne (formerly St. Anthony) Streets, said lots designated by the Nos. 13 to 19, inclusive, on a plan of Lakeview by J. F. Coleman, Civil Engineer, dated February 19, 1938. The deed recites that the lots conveyed are composed of a portion of the ten lots in old Square 876 designated by the Nos. 3 to 12, inclusive, acquired by New Orleans Land Company at the public sale made in the Beugnot-Wogan partition.
Lots 13 to 19 are described in this act of conveyance substantially as follows:
Lot 13 is of triangular shape, commences 300' from Kenilworth and Argonne, fronts 36' more or less on Argonne extending to the Right-of-Way of N. O. Terminal Co., 116’ more or less in depth on the side of lot 12 and 121 feet on the said Right-of-Way.
Lot 14 is of irregular shape, measures 12' more or less on Argonne extending to the Right-of-Way of N. O. Terminal Co., a width of 53 feet in the rear, 144.3 feet on the side dividing it from lot 15 and 148 feet on said Right-of-Way.
Lot 15 measures 144.3 feet on Florida Avenue by 25 feet between parallel lines and front on Argonne Street.
Lots 16, 17, 18 and 19 adjoin. Lot 16 forms the corner of General Haig and Florida Avenue and measures 25' on General Haig by 145' on Florida Avenue, and 25’ on its rear line. Lots 17 and 18 measure each 25’ on General Haig by 145’ between parallel lines. Lot 19 measures 38 feet on General Haig extending to the Right-of-Way of N. O. Terminal Co. 145’ in depth on the side line separating it from lot 18, 9' more or less extending to the present right-of-way of the New Orleans Terminal Company by a depth and front on the said right-of-way of 146'.
*751 Smith offered in evidence an act of exchange between the City of New Orleans and New Orleans Land Company dated May 4, 1925, registered in the Conveyance Office on the same day, to which is attached a survey made by Coleman for New Orleans Land Company in September and October 1912. The latter shows in heavy solid lines lots 3 to 12 in Square 876 as the property bought by the Land Company. Lots 1 and 2 are shown to be outside the heavy lines enclosing the property of the Land Company.
Thus it appears that after recordation of the sale by Oser to Harris, Smith obtained title to a portion of the lots designated by the Nos. 3 to 12, inclusive, in old Square 876 of the Second District.
No conflict has been shown in the basic title between the lots claimed by Harris and those claimed by Smith. The confusion arises from the attempt of the parties to locate the situs of the land, and to determine location with reference to subdivisions and surveys made both before and after the public sale of 1911. With the exception of the Del I’sle plan referred to in the public sale, all other plans, sketches and surveys, produced in evidence, and those not produced but referred to in the several conveyances, were made without the concurrence of all parties, and none of these are binding on both. Furthermore, none conform to the requirements of law for establishing the boundary between the lots acquired by Harris and the contiguous lots acquired by Smith, or between contiguous property belonging to others. See Talbot v. Pittman, La.App., 114 So.2d 117.
Smith argues that plaintiff’s action is necessarily one to establish title authorized by LSA-R.S. 13:5062, when both parties claim under recorded titles and neither are in actual possession, and under which the judge must decide which of the claimants owns the land in dispute.
We cannot view this action as one to establish title under LSA-R.S. 13:5062. Smith and his warrantor both averred that Smith had been in actual, open, peaceful, public, notorious and legal possession of the property since 1945, and pleaded the acquisitive prescription of 10 years based on such possession. The record is replete with evidence relative to possession by Harris and by Smith. See McHugh v. Albert Hanson Lumber Co., 129 La. 680, 56 So. 636; Carbajal v. Leopold Weil Bldg. & Imp. Co., 146 La. 342, 83 So. 645; Duffourc et al, v. Constantin, 189 La. 826, 181 So. 183.
The action propounded by plaintiff cannot be classified in our law. As neither Smith nor his warrantor excepted to the form of the action, we are of the opinion that the trial judge correctly proceeded to adjudicate the issues presented. See cases cited on that point by this court in Doll v. Dearie, La.App., 41 So.2d 84, 87.
The plaintiff has successfully established his title to lots 1 and 2 as described in the adjudication to his ancestor in title, but he has failed to prove that these lots are the same as shown on the Sandoz plan, or any other plan.
Smith has successfully established his title to lots 3 to 12, inclusive, of Square 876, as described in the adjudication to his ancestor in title, but he has failed to prove that these lots are the same as lots 13 to 19 in Square 401, or the same as shown on the Coleman plan, or any other plan.
We are of the opinion that the trial judge erred in giving recognition in his judgment to a description of Harris’ property based on the Sandoz plan, which is not in evidence. The Harris title should be recognized only to the extent of the description contained in the acquisition of National Realty Company.
We agree with the district judge on his finding of facts relative to the prescriptions pleaded by Smith and his warrantor. Smith’s title clearly discloses that the lots sold to him form part of lots 3 to 12, inclusive, acquired by his vendor from the public *752 sale of 1911. He cannot successfully rely upon the prescription of 10 years as to lots 13 to 19 of Square 401 without showing that said lots are wholly within lots 3 to 12 of Square 876, and he cannot, under his title, predicate a prescription of ten years acquirendi causa as against Harris’ lots 1 and 2, as described in the basic title.
There is no evidence to support any other prescription.
A judgment in favor of Harris as to lots 1 and 2 of Square 876, as described in the basic title, cannot operate to evict Smith from any portion of lots 3 to 12 as described in the same basic title, to which his acquisition from New Orleans Land Company is limited by specific declaration in his deed. The judgment against the war-rantor finds no support in the record.
For the foregoing reasons it is ordered, adjudged and decreed:"
1. That the judgment appealed from be amended by omitting therefrom the description of the lots contained therein and by substituting therefor the following description of the lots recognized as the property of the plaintiff Charles W. Harris:
“Two certain lots of ground, situated in the Second District of New Orleans, in Square No. 876, bounded by Taylor Avenue, Shell Road, Anthony and St. Peter Streets, designated by the Nos. 1 and 2 on a plan by Charles Del I’sle, Surveyor, dated February 3, 1862, annexed to a sale before P. E. Laresche, Notary Public, on June 13, 1862. Lot No. 1 measures about 38 feet 3 inches on the right of way of the New Orleans Terminal Company Railroad, 36 feet and 3 inches on the Shell Road, 94 feet 2 inches and 4 lines on Anthony Street and 105 feet 7 inches and 2 lines on the other side line. Lot No. 2 measures 31 feet and 7 inches on Taylor Avenue by a depth of 105 feet 7 inches and 2 lines between parallel lines.’’
. 2. That said judgment be reversed in so far as it is against the New Orleans Land Company as warrantor and in favor of Robert E. Smith.
3. It is further ordered, adjudged and decreed that the cost below be paid by Robert E. Smith and that the cost of appeal be paid jointly by Charles W. Harris and Robert E. Smith.
4. The judgment appealed from is amended and reversed as hereinabove set forth, and in all other respects it is affirmed.
Reversed in part; amended and affirmed in part.
JANVIER, J., absent takes no part.