Eastern Dis.
May, 1834.

GLEISES
vs.
FAURIE ET AL.

A prior mortgagor who requires the court to order the she riff to release the subsequent mortgages, cannot be heard, unless he has made them parties, or given notice.

6L 455
45 302

## GLEISES vs. FAURIE ET AL.

APPEAL FROM THE FIRST JUDICIAL DISTRICT.

Payment is a peremptory exception going to extinguish the action, and must be pleaded.

The petition alleges that Charles Faurie is indebted to John Gleises in the sum of five hundred and sixty-one dollars and seventy-three cents, for the rent of the premises lately occupied by Marignau & Faurie, as Blacksmiths and founders, in suburb Marigny, for fifteen months, which expired on the 30th June, 1831, at the rate of thirty-six dollars and sixty-six cents per month, and elven dollars and seventy-three cents interest thereon; that by an act passed before Louis T. Caire, notary public, Faurie took upon himself and promised to pay all the outstanding debts due by said firm of Marignau & Faurie out of such monies as he might collect due to

the said firm; with which collections he was charged by said act and bound to make. That for the faithful performance of the stipulations set forth in said act on the part of said Faurie, Alexander Baron bound himself *in solido* with said Faurie; that the sum now claimed is a debt due by said firm, and that said Faurie & Baron are bound jointly and severally to pay the same.

Baron excepted that the petition exhibited no cause of action against him.

He answered, in case the exception should be overruled by denying all matters and facts contained in the petition. He denied that he entered into any contract with the plaintiff, or into any obligation in his favor. He contended that the suretyship mentioned in the notarial act annexed to the petition, was granted by him for the exclusive use and benefit of Jean Marignau, by whom he has since been released and exonerated from the same by another act executed before the same notary, Louis T. Caire, on the 24th of August last.

*Faurie* denied all matters of fact set forth in the petition, and he specially denied that his late partnership with Jean Marignau was joint and several, or that the same was in any way indebted to the petitioner in the manner and form as set forth in his petition. He averred that the petitioner was indebted to the said late partnership in the sum of twenty dollars and seventy-five cents.

On the trial, the following bills of exception was taken. The defendants offered in evidence a certain paper, passed before Louis T. Caire, between Faurie, Marignau and Baron, purporting to be a dissolution of their partnership and discharge of said Baron. To this the plaintiff objected, on the ground that he was no party to said act, that it was not pleaded, and the same was irrelevant and illegal evidence in the case of *Gleises* vs. *Faurie.*

The defendants then offered certain other documents. The counsel for the plaintiff objected also to said documents, on the ground that they were not embraced by the plead-

ings, and were not legally admissible as evidence in this case.

The defendant had judgment and the plaintiff appealed.

Carleton and Lockett, for plaintiff and appellant, contended that:

1. The judge of the court below erred in admitting evidence to show a payment, when the same was not pleaded.
2. The evidence on record shows that the plaintiff demanded payment of the debt sued for from Laurie, *who promised to pay it.*
3. The judge of the District Court erred in deciding that the plaintiff had no right of action against Baron.

D. Seghers, contra.

BULLARD, J., delivered the opinion of the court.

In this case the appellant relies for a reversal of the judgment principally on a bill of exceptions to the admission of a document marked G. in the record, of a case of *Maignan* vs. *Gleises*, to prove payment of the debt sued on. The defendant's plea was a general denial, and a small offset; and the question is, whether evidence of payment may be given without being pleaded.

*Payment is a peremptory exception, going to extinguish the action, and must be pleaded.*

We are of opinion that payment is a peremptory exception, going to extinguish the action, and which the *Code of Practice* requires to be pleaded. It is true that in the action of assumpsit at common law, it is generally understood that payment may be given in evidence under the plea of the general issue. But the assumpsit or promise in that form of action, is a position implied by law, from a state of indebtedness, and any kind of evidence which goes to prove that the defendant in fact owed nothing at the time of the implied promise, is admissible under the plea of non-assumpsit. But our law does not proceed on such subtleties, nor is it believed

that such evidence would be admissable under the plea of the general issue in other forms of action at common law.

Our *Code of Practice* has adopted the classification of exceptions from the Spanish law in force before its promulgation, except so far as they had been *modified by statute*. Febrero classes payment under the various names of *Solucion, paga,* and *finiquito,* with the exceptions either purely peremptory or partaking of the nature of dilatory and peremptory, and after enumerating several of both kinds, he adds "*y todo las que acreditan que el demandante procede sin accion por no competirle o no tenerla ya aunque la hubiese tenido.* 3 *Febrero Novlsim, p.* 323–4.

We think the court erred in admitting the document. In relation to the defendant Baron, we concur in opinion with the first judge, that the plaintiff has no action against him. He was surety for the defendant Faurie, as liquidator of the partnership of Maignan & Faurie, that the latter should collect the monies due to the partnership, and pay the outstanding debts. Even admitting this to be a stipulation which the plaintiff would have had a right to accept, yet it appears that before this suit was instituted, Baron had been released from all liability as security.

The evidence in the record is not such as to enable us to do justice to the parties, without remanding the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, so far as it relates to the defendant Faurie, be annulled and reversed, that the case be remanded for a new trial, with directions to the judge not to admit in evidence the document G. under the present state of the pleadings, and that the defendant Faurie pay the costs of the appeal.