Satterfield v. Compton and others.

---

E. H. SATTERFIELD *v.* ALEXANDER COMPTON and others.

The possession of a note by the maker, after it has been endorsed by a third person, is evidence that the endorsement was an accommodation one.

An accommodation endorser, being viewed as a surety, may avail himself of any plea which his principal could have opposed to the holder.

On a plea of usury by the maker or accommodation endorser of a note, the holder will be entitled to recover only the amount actually paid by him.

APPEAL from the District Court of Rapides, *Campbell,* J.
*Dunbar, Hyams* and *Elgee,* for the plaintiff.
*Brent* and *O. N. Ogden,* for the appellant.
MARTIN, J. This is an action against the maker and endorsers

of a promissory note.*    The maker pleaded usury.    The three endorsers filed separate answers.    Texada, the first, pleaded, that he endorsed the note as an accommodation to the maker, for the sole purpose of enabling it to be discounted in bank, which was not done ; that the maker promised him he would destroy the note, notwithstanding which, shortly before its maturity, the maker sold it to Martin, the last endorser, for the sum of one thousand dollars, it being for sixteen hundred and fifty dollars, who transferred it to the present plaintiff, the transferer, and the transferee being cognizant, at the time of the transfer, of the circumstances under which the note had been endorsed by him, Texada ; that Bryce and Martin, second and third endorsers, are mere nominal defendants, having been made parties for the sole purpose of depriving Texada of the benefit of their testimony.    Bryce, the second endorser, pleaded, that he was a mere accommodation endorser, for the purpose of enabling the note to be discounted in bank, and that he is not liable, because his endorsement, to the knowledge of the plaintiff and subsequent endorser, was used for a different purpose from that for which it had been given.    Martin, the last endorser, pleaded the general issue, and admitted his signature only.

The plaintiff, in answer to interrogatories of the maker, stated, that Martin had purchased the note for the joint account of the plaintiff and himself, for the sum of one thousand dollars ; that he afterwards bought it from Martin ; that he did not know that the purchase of the note, after it had been offered for sale by the se-

---

* The note sued on was in these words :—

"November 1st, 1836.

    "$1650.

"Twelve months after date, I promise to pay to order of John A. Texada, sixteen hundred and fifty dollars, value received, negotiable and payable at the office of discount and deposit of the Bank of Louisiana, at this place.

"ALEX. COMPTON."

It was endorsed " JNO. A. TEXADA,
                J. G. BRYCE.
                R. C. MARTIN."

The words "credit the drawer, J. G. B." on the back of the note, were crossed out by a pen.

cond endorser and others, was usurious. To the interrogatories of Texada, he answered, that Martin purchased the note for his own account, and for his, the plaintiff's. He denied, that he acquired the note from Bryce, the second endorser, with the knowledge that it was offered for sale for the benefit of the maker, or that he had any conversation with the latter; that a few weeks before he purchased the note, Martin purchased it for one thousand dollars, but it cost him, plaintiff, one thousand and seventy dollars, five hundred dollars for his part of the original purchase, and five hundred and seventy dollars for the purchase of Martin's share; that Martin's purchase was made in July, 1837, and that he purchased Martin's share, in December, 1837.

Bryce deposed, that the note was brought to him for his endorsement by the maker, after it had been endorsed by Texada; that he thinks Compton said something about its being discounted in the Bank of Louisiana; that the maker's credit was then on the wane; that at his request, he wrote on the face of the note that it was to be credited to the maker; thinks that after the refusal of the discounting of the note, the maker called on him for assistance in raising money thereon; that this could not be effected except at a ruinous discount; that he believes he offered it to Satterfield or Martin, at the plaintiff's request; and that he, witness, erased the words " credit the drawer," which he had written on the face of the note. The Cashier of the Branch of the Louisiana Bank in Alexandria testified, that the board is in the habit of allowing notes discounted by them to be renewed on the payment of the interest, and sometimes a very small part of the capital, but that they do not consider themselves under any obligations so to do; that this, however, relates only to accommodation paper. The case was submitted to a jury, as far as it relates to Texada. There was a verdict against him for one thousand dollars. The case was tried by the court as to Bryce, and judgment was given against him for the same sum. Texada made an unsuccessful effort to obtain a new trial. Judgment was given against him on the verdict, and he has appealed.

It is contended, on the part of the appellant, Texada, that he endorsed Compton's note as an accommodation endorser, for the sole purpose of enabling it to be discounted in bank; and that this

was to the knowledge of Martin and the plaintiff, when they acquired the note. There is no evidence of the intention of Texada, to confine the use of his endorsement to the sole purpose of the negotiation of the note in bank. The sole evidence of his being an accommodation endorser, results from the declaration of Bryce, that when the note was brought to him by the maker for his endorsement, that of Texada was already on it. This declaration proves two facts, to wit : the endorsement of Texada, and that, notwithstanding that endorsement, the maker still retained the possession of the paper and the control of the note, which he could not have done, if Texada had been the real owner of the note before he endorsed it. But this proves nothing but the simple character of the endorsement, and not that it had the character which the appellant's counsel seeks to affix thereto, to wit, that of a qualified endorsement, not intended for general use in the market, and which could not be diverted from the use which the counsel suggests, of a discount at the office of the bank. Of this qualification, there is not the least tittle of evidence, much less any of any knowledge, in the persons who afterwards purchased the note, of Texada's intentions of restricting the use that was to be made of it, after he had endorsed it. Texada did not write on the face of the note the words which usually designate an accommodation paper, " *credit the drawer.*" Bryce, to whom the maker brought the note for his endorsement, might have fairly discounted it. Nothing in the conversation, which he relates as having taken place between the maker and himself at the time, shows that the latter was not at liberty to reduce the note into cash, in any other manner than by a resort to the bank. Texada may, however, as a surety, in his capacity of an accommodation endorser, avail himself of any plea which his principal might have opposed to the plaintiff's claim, *i. e.* of that of usury. Of this plea, he has had the full benefit, the judgment extending no further than to the sum which actually came into the hands of the maker.

The appellant, Bryce, has given to his endorsement the character of one intended by the parties for the use of the maker, by discount in bank. He has, however, at the request of the plaintiff, by the erasure of the words " credit the drawer," manifested

his intention of renouncing any advantage which the appearance of these words on the face of the note might authorize him to claim.

Reserving, therefore, the examination of the question, whether the endorsement of an accommodation note, for the purpose of its being discounted in bank, confines the holder to that use, and renders any other unlawful, for the first case, in which the solution of that question may constitute a part of our legitimate duty, we will dismiss it for the present.

*Judgment affirmed.*