## Widow A. Ruhlman, Administratrix, *v.* Wm. Smith and Wife.

Evidence is inadmissible to establish payment or compensation of a debt, unless specially set up as a defence to the action.

APPEAL from the District Court of the Parish of Jefferson, *Burthe,* J.
J. C. *David,* for plaintiff. R. *King Cutler* and R. *Beauvais, Jr.,* for defendants and appellants.

Voorhies, J. The plaintiff, as administratrix of the succession of her son, *Andrew Ruhlman* deceased, claims of the defendants, husband and wife, the sum of $709 00, for money due the deceased, and the value of certain movables, of which the petition charges the defendants to have illegally taken possession.

The defendants plead the general denial, averring that upon a fair settlement of accounts, they are the creditors of the deceased, and they reserve their right of recourse for the surplus in a separate action.

*Mrs. Smith* averred, besides, that she was a married woman, not separated from her husband, and that, consequently, she could not be made responsible in the present action.

Judgment was rendered in favor of the plaintiff against *Wm. Smith,* for the sum of $350, the court dismissing the demand as regards *Mrs. Smith.*

*Wm. Smith* appealed; and, in this court, the plaintiff filed an answer, praying for judgment for the whole amount of her demand.

The record contains a bill of exceptions, taken by the plaintiff to a ruling of the District Judge. The defendant offered to prove that a sum of $100 had been placed by him in the hands of the deceased, and that the latter had not ac-

counted for it. The objection to the reception of this evidence, was that compensation or payment, had not been pleaded.

This objection was well taken : this matter is not set up in defence, either as a payment or by way of compensation.

That portion of the evidence being disregarded, the result, however, is the same ; for on the facts, as regards the merits of the present controversy, we think the judgment below is correct.

It is, therefore, ordered and decreed, that the judgment of the District Court, be affirmed with costs.