The opinion of the court was delivered by
Watkins, J.
The object of this suit is to recover of Leopold Wolff as principal and Ben Holzman as surety the sum of three thousand four hundred and seventy-four dollars and ninety-seven cents, as the balance due upon a current account of 1894.
Various dilatory pleas were interposed and overruled, and, after answer filed, judgment was rendered against both defendants in solido, from which Holzman alone has appealed.
*919 The question which is exclusively controverted in this court is the liability vel non of the surety.
The stipulation of the agreement which the counsel of the surety relies upon as controlling, and interpretation of which must necessarily be decisive, is: “The Isador Bush Wine and Liquor Company agrees to extend a line of credit to said Wolff of five thousand dollars,” and their contention is that he became liable thereunder for five thousand dollars and no more.
That five' thousand dollars was the limit of his obligation, and when that limit was reached by the advancement of that sum his responsibility was at an end.
On the other hand, the contention of the plaintiff’s counsel is, and the opinion of the judge a quo was, that the surety is liable for any balance of account up to five thousand dollars.
We subjoin the following statement of account between the parties, as fairly illustrative of the contentions of the respective parties, to-wit:
Mdse, sold to L. Wolff.....................................................................$8,890 62
Cash advanced.......................................................................:......... 150 00
$9,046 62
On this there has been paid........................................................... 5,649 31
Balance...................................................................................$3,397 31
To which add interest, deducted from the several payments....... 77 66‘
$3,474 97
On this showing, it appears that the plaintiff sold Wolff merchandise to the amount of eight thousand eight hundred and ninety-six dollars and sixty-two cents, and there has been paid thereon the sum of five thousand six hundred and forty-nine dollars and sixty-two cents by Wolff. If the surety’s contention be accepted as the correct one, Wolff has enjoyed the full benefit of his suretyship, and has discharged him by making the aforesaid payment, it being in excess of five thousand dollars. But if that of plaintiff be accepted, the surety is still bound, and must respond to the general balance of account.
There is no controversy as to the correctness of the debt.
There were two agreements, one of which was made by and between Isador Bush Wine and Liquor Company and L. Wolff, and the other between L. Wolff and Ben. Holzman — both of contemporaneous date.
In the former it was agreed that plaintiff had consented to “ex *920 tend a line of credit to said second party to the amount of five thousand dollars,” provided Wolff should furnish Ben. Holzman “ as surety for the payment of all goods purchased by said Leopold Wolff from the Isador Bush Wine and Liquor Company under their agreement in the year 1894.”
In the latter, Wolff, as principal, and Holzman, as surety, bound themselves “in the sum of five thousand dollars, to be paid to said Isador Bush Wine and Liquor Company,” etc., the condition of which is “that whereas the said Isador Bush Wine and Liquor Company has entered into a contract with Leopold Wolff, of even date herewith, by which it agrees to extend to said Wolff a line of credit amounting to five thousand dollars; now if the said Leopold Wolf shall and will pay for the goods purchased from the said Isador Bush Wine and Liquor Company in accordance with the terms and conditions of the agreement herein referred to, then this obligation shall be ■void, otherwise it shall remain in full force and effect.”
By this phraseology it becomes apparent that Holzman, as surety, bound himself just as Wolff had bound himself. He bound himself to the performance of the stipulations of the contract between the wine and liquor company and Wolff'. It must be observed that their •engagement provided not only that the wine and liquor company should “extend a line of credit” to Wolff to the amount of five thousand dollars, but the latter bound himself to furnish a bond for five thousand dollars, executed by himself and Ben Holzman * * * .as surety, for the payment of all goods purchased by said Leopold Wolff from the said Isador Bush Wine and Liquor Company, etc., and that Ben. Holzman became a party to this engagement.
These agreements have the effect of law between all the parties thereto, and we must give to them the interpretation which their terms plainly import. The condition of Holzman’s contract was that Wolff should “ pay for the goods purchased” from the wine and liquor company; and the condition of Wolff’s engagement was “to furnish Ben Holzman as surety for the payment of all goods purchased” by him from the wine and liquor company.
We have carefully considered the argument of counsel with reference to the term “ line of credit ” which is employed in both oí the ■contracts and the authorities cited as bearing on the question.
Their contention is that that term had the .effect of placing a limitation upon the liability of the surety, and restricted same to the *921 amount of five thousand dollars; and that he can not consequently be held bound for more.
In this connection we have examined the decision of the court, The American Button Hole, etc., Machine Company vs. Gurnee, 4 Wisconsin, 49, which has been pressed uppn our attention; but we find that the argument in that case was that the term “line of credit” had the effect of continuing and extending the limit of the surety’s obligation, and the court, while they discharged the surety on a different ground, seemed inclined to recognize the interpretation placed upon it by counsel.
We have also noticed the ease of Gerson vs. Hamilton, 30 An. 737, and Stewart vs. Levis Bros., 42 An. 37, but we are of opinion that they are consistent with the views herein expressed. The contract of Holzman is one of suretyship under the provisions of our Oode and not one of commercial guaranty. It was made by and between citizens of this State, and did not have any extra territorial effect. The surety bound himself absolutely for a certain sum, payable in any event.
The judge of the District Court entertained this view, and we are of his opinion.
Judgment affirmed.