No. 4077

Second Circuit

AMERICAN FURNITURE CO., INC., v. BISHOP

(November 18, 1931. Opinion and Decree.)
(December 9, 1931. Rehearing Refused.)

Hoye Grafton, of Shreveport, attorney for plaintiff, appellee.

Cook & Cook and C. D. Egan, of Shreveport, attorneys for defendant, appellant.

DREW, J. Plaintiff sued for $101.20, alleging same to be the balance due on open account, that defendant on March 22, 1928, purchased from it goods, wares, and merchandise in the amount of $329, itemizing the articles purchased, and that on February 15, 1929, defendant purchased a radio for the price of $133.70, and blankets for the price of $9.50, making a total amount of $472.20. It alleged that between the dates of March 22, 1928, and December 2, 1929, defendant paid on said account the amount of $371, leaving a balance due of $101.20, the amount sued for. Plaintiff alleged a vendor's lien and privilege on said articles sold to defendant and prayed for a writ of sequestration. The property was seized under said writ, and defendant appointed keeper of same.

Defendant made no appearance in the case in the lower court and there was judgment by default in favor of plaintiff, as prayed for, on June 30, 1930. On March 5, 1931, defendant applied for and secured an order for a devolutive appeal to this court.

The evidence on trial of the case was not transcribed, and, the attorneys for plaintiff and defendant not agreeing on a statement of facts, the judge of the lower court was called on to prepare a statement of facts. The following is that statement:

"In this case motion was made on March 5, 1931, for a statement of facts as defendant desired to appeal devolutively from the judgment rendered.

"As the parties litigant have been unable to agree upon the facts, the Court in accordance with Article 603 of the Code of Practice is furnishing a statement of same.

"The judgment in this case was rendered on June 30, 1930, and signed and filed the same day.

"The Court cannot recall the exact case for the reasons that many cases of a similar nature have been heard since then, which is over nine months ago.

"The only thing I can say is that it has been and is the practice of the City Court to make the plaintiffs prove their cases and I feel that this case is no exception.

"The American Furniture Company, plaintiff herein, has had quite a number of cases in the City Court and its demands have always been proven by a representative of the Company.

"I am quite sure that the entire record which included the citation, writ, return and keeper's receipt were offered and filed and that the demands of the plaintiff were proven to the satisfaction of the Court."

It can readily be seen that the judge of the lower court at the time he prepared the statement of facts had little if any recollection of this particular case. When there is no error shown by the record and the evidence has not been transcribed, or the statement of facts shows no error, this court will affirm the judgment of the lower court contra when the record itself discloses error in the judgment of the lower court. Appellant does not contend that the judgment of the lower court is incorrect as to the amount, but complains of the judgment wherein it recognizes the vendor's lien and privilege, maintaining the writ of sequestration on all of the property set out in said open account.

He contends that the writ of sequestration should have been maintained only as to the articles that had not been paid for, and that the payments made on the open account should have been imputed to the articles first purchased. We think his contention is correct. R. C. C. art. 2166; Forrey v. Strange, 158 La. 949, 105 So. 21.

The first articles purchased on March

22, 1928, as shown by the itemized account, amounted to $329, and defendant has paid the amount of $371; therefore these first articles have been paid for, and plaintiff has no vendor's lien thereon. The remainder of the account, consisting of one radio and the blankets, amounting to $143.20, have been only partially paid for, and plaintiff is entitled to have his vendor's lien and privilege recognized as against them. Forrey v. Strange, supra.

Appellee answered the appeal praying that damages in the amount of 10 per cent of the amount of judgment be allowed, alleging that the appeal was frivolous. Under our finding that the judgment of the lower court is erroneous, the claim for damages for frivolous appeal will have to be denied.

It is therefore ordered that the judgment of the lower court be amended. in so far as it recognized the plaintiff's vendor's lien and privilege and maintained the writ of sequestration as to articles of merchandise purchased or March 22, 1928, consisting of the following articles:

```
1—507½  Vanity _____ $ 98.75
1—506   Chest _____
1—542   Bed _____
1—912   Bench _____
1—602   Spring _____    8.50
1—United Mattress _____   20.00
1—099E  Refrg. _____   44.00
1—4726  Kit. Cabinet _____   49.50
1—20 Brk. Table _____   25.00
1—2479  Fiber Rocker _____   11.50
1—6 Gas Range _____   47.50
                                         _____
                                         $304.75
7—c46  7x36  Shades _____ $ 17.50
3—c46  7x28  Shades _____    6.75
                                         _____
                                         $ 24.25
```

—by reversing that part of the judgment, and in all other respects the judgment be affirmed; costs of lower court to be paid by defendant and costs of appeal by plaintiff.