## MICHELIN TIRE CO. v. DELCOURT.

### No. 1192.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

F. Xavier Mouton, of Lafayette, for appellant.

Voorhies & Labbe, of Lafayette, for appellee.

MOUTON, Judge.

The defendant, Mrs. Camille Delcourt, signed a guaranty agreement to indemnify plaintiff company for advances it might make to Paul E. Delcourt, to any amount not to exceed $2,000.

Counsel for defendant refer to the similarity of the contract of guaranty in this case to the one referred to by the court in the case of Hibernia Bank & Trust Company v. Cancienne, 140 La. 969, 74 So. 267, L. R. A. 1917D, 402.

In our original opinion, we said that for all practical purposes these contracts carried the same obligations, and we find no reason to change our original views in reference thereto.

In that case, the court, as we read the decision, held that the guaranty which Cancienne had signed for the benefit of the Sug-

ar Planters Storage & Distributing Company was his debt or obligation, the same as if he had contracted it in person; otherwise it would not have been held that he was not entitled to the pleas of discussion and division accorded sureties under the articles of the Code cited in the decision.

In the case of Gilmore v. Logan et al., 30 La. Ann. 1276, defendant had given its bond or written obligation to pay its attorneys $5,-000 for services rendered and to be rendered.

In this case the bond was given for advances made and to be made.

In that case, as in this, defendant filed a plea of three years' prescription against the claim of the plaintiff. The court in that case found that defendant had taken the claim of the plaintiff out of the three years' prescription by giving a bond or written obligation to plaintiff.

The court in referring to the bond said it was "an absolute promise to pay a specific sum of money upon the happening of a certain event—and is barred only by ten years [prescription] under C. C. art. 3544."

It might be contended here that the bond was not given for a specific amount. Under the bond, Mrs. Camille Delcourt was bound specifically for any sum under the $2,000 fixed as the maximum amount of the bond. This brings this case within the rule stated in the 30 La. Ann. 1276, above cited.

This conclusion of the court was based on article 3538, Civil Code, where, in referring to the prescription on open accounts, it is said: "This prescription only ceases from the time * * * a note or bond [is] given," etc.

■ When a bond is given on a claim on open account, the prescription invoked by defendant "ceases," and the action to recover is prescribed by ten years.

Counsel may contend that the decision in the Gilmore Case, above cited, does not apply because therein the bond was given by defendant for his own debt, while here it was given by the defendant, Mrs. Camille Delcourt, for the obligation of Paul E. Delcourt, a third party.

■ Under article 3538, C. C., the prescription of three years begins to run against the account from its incipiency or the date the first goods are furnished, Pothier, vol. 2, p. 176; and, after the expiration of that period of time under our Code, the right of action in favor of the creditor expires or is prescribed. The prescription must be reckoned from the opening of the account when it was acknowledged by the execution of the bond, as the computation of time could not be calculated from the lapse of three years because prescription would have then accrued, and could not cease to run.

If in this case Paul E. Delcourt had given his bond for $2,000 to secure the advances made to him by plaintiff company, it seems to us that the prescription of three years, which would have taken its course from the opening of the account, would have "ceased" from the time the bond was given and the right of action of plaintiff would have lapsed at the expiration of ten years.

It is true here that the written obligation guaranteeing the payment up to $2,000 was given by Mrs. Camille Delcourt, defendant, and not by Paul E. Delcourt to whom the advances were made. As Mrs. Delcourt gave her written obligation or bond, she was certainly bound by its stipulations which effected a continuing acknowledgment of the debt as the goods were furnished and carried on the account up to the sum of $2,000. By giving the bond she made it her own debt and the prescription of three years, under article C. C. art. 3538, ceased, and plaintiff's right of action fell under the operation of article 3544 C. C., providing for the prescription of ten years.

This conclusion is reached with due regard to article 3460, C. C., which says prescription not yet acquired cannot be renounced.

■ There was no renunciation of prescription in the instant case, as the giving of the bond by Mrs. Camille Delcourt caused the prescription of three years to "cease" by operation of law, and by the effect of her written obligation, the prescriptible period of plaintiff's action falls under the provisions of article 3544, Civil Code.

The written obligation or bond in favor of plaintiff company was signed by Mrs. Camille Delcourt, defendant, on October 20, 1926. This suit was brought in September, 1931, not quite five years after she executed the bond; hence, the suit was instituted against her prior to the expiration of ten years and within the time allowed by law. The plea of prescription of three years was erroneously maintained below.

### Merits.

In our original opinion, we held that plaintiff could recover the amount claimed, which was alleged to be the sum of $1,604. Testimony of Servis, treasurer of plaintiff company, taken by commission, was offered to prove that Paul E. Delcourt owed $1,640 to secure which the bond of $2,000 had been furnished, instead of $1,604 which was claimed by plaintiff in its petition.

■ Counsel for defendant objected to that offer, contending that it varied and enlarged the pleadings and was therefore inadmissible. We cannot see how this proof could affect the rights of defendant, the rule being, under article 156, C. P., that plaintiff cannot possibly recover any amount over the sum of $1,604 claimed by it; and must, necessarily, lose $36,

the overplus of the amount demanded. The fact is that the proof was not introduced to show that Paul E. Delcourt was owing plaintiff $1,640, as the amount asked was only for $1,604, and this is the only amount claimed, not a cent above that sum. As plaintiff made advances to Paul E. Delcourt to the amount of $1,640 as is shown by the evidence of Servis, it is certain that he owes $1,604, the sum claimed; the lesser being included in the greater.

If the objection of counsel were maintained and the suit was either dismissed or remanded, the same situation would remain, as plaintiff would have to show that the amount advanced was for $1,640, but would be limited to $1,604, as this is the amount claimed in this suit. Plaintiff could enter a remittitur for the overplus, but this would effect no change in the interests of defendant, as the excess of the sum advanced over the amount demanded is lopped off by the present judgment under article 156, C. P. The remanding of the case or its dismissal would be doing a vain thing, in which the law does not indulge, and would lead to a circuity of actions which the law abhors.

It is shown that in 1928 Paul E. Delcourt filed a suit against plaintiff company herein in the Orleans civil district court, where he alleged that he then owed plaintiff $1,604.85, which was secured by the indemnity bond furnished in his favor by defendant. He therefore admitted judicially at that time that he was in debt to plaintiff for the amount herein claimed, less the insignificant amount of 85 cents. There is nothing to indicate that he has since then reduced his debt in any amount whatsoever, nor is it contended that he has. Such an admission, taken with the evidence of Servis, to which we have referred, entitles plaintiff to a judgment on the merits for the amount demanded.

Counsel for defendant refer in their application for a rehearing to that part of our original opinion where we held that the filing of the suit by Paul E. Delcourt in the civil district court of Orleans had interrupted the prescription of three years urged by defendant.

In the opinion, we stated that this petition had been filed by Paul E. Delcourt July 25, 1929. Counsel say that the petition was filed July 25, 1928, and not in 1929; that as it was filed July 25, 1928, the three years' prescription accrued from that date on July 25, 1931, and there could be no interruption by this suit, which was filed on September 24, 1931, two months after the accruing of that prescription.

On the original hearing of this case no defense was urged on that point, which could easily have been ascertained by the date of the filing of the petition of Delcourt in the Orleans court. The whole argument was presented on the theory that the filing had taken place July 25, 1929, and not on July 25, 1928. Counsel for defendant in their original brief filed in this court, in referring to the allegations of the petition filed by Paul E. Delcourt in the Orleans court, say: "They in no wise admit a present indebtedness as of June, 1929, the date of the filing of that petition, etc." If it had occurred in any way to counsel that the petition had been filed July 25, 1928, as is now pointed out in the application for a rehearing, the date would certainly not have been set out in the original brief of counsel as of June, 1929, a month earlier than July, 1929, the date stated in our opinion.

Counsel, we trust, will be inclined to overlook the error in which this court has fallen wherein it was possibly led by argument of counsel and the statement in their brief, hereinabove quoted.

Due to overlooking the date of the filing of the petition of Delcourt in the Orleans court, we were therefore in error in holding that the three years' prescription urged by defendant had been interrupted, and the part of our opinion and judgment resting on that issue is annulled and set aside; but in all other respects the opinion and decree to remain undisturbed.

The rehearing is therefore refused.