## HEMENWAY FURNITURE CO., LIMITED, v. LINDSAY.*

### No. 5053.

Court of Appeal of Louisiana. Second Circuit.

May 2, 1935.

See, also (La. App.) 159 So. 183.

Edward Barnett, of Shreveport, for appellant.

Milton C. Trichel, of Shreveport, for appellee.

MILLS, Judge.

This suit on a note, originally brought in the city court of the city of Shreveport, resulted in a judgment for plaintiff in the sum of $188.48, with 8 per cent. per annum interest thereon from April 6, 1934, 15 per cent. as attorney's fees, and costs. No privilege was recognized in the judgment.

Plaintiff, on June 11, 1934, seized under fi. fa. a lot of furniture and household effects belonging to defendant stored in Alexandria, Rapides parish; and had issued a writ of garnishment directed to the Louisiana & Arkansas Railway Company. Immediately thereafter defendant was, in the United States District Court for the Western District of Louisiana, adjudged a bankrupt. In the bankruptcy proceeding the garnishment was annulled, the furniture and household effects were released as exempt under our state laws from seizure for ordinary debt, but made subject to all existing liens or mortgages. Whereupon defendant, in the city court, sought to enjoin the sale of the property seized, claiming that it was exempt under the provisions of article 644 of the Code of Practice, and for the further reason that its release from seizure was effected by the bankruptcy proceeding, brought to the attention of the court by proper filings. No facts were alleged beyond that of ownership to bring the property within the exemption claimed.

A temporary restraining order and rule nisi issued. Plaintiff moved to dissolve the restraining order on the ground that it enjoyed and had proved in the bankruptcy proceedings a vendor's lien upon the property seized, which was released from the jurisdiction of the bankruptcy court, subject to all existing liens and privileges; that defendant's petition for the injunction alleged no facts showing the property to be exempt. Attorney's fees and damages were claimed.

The same defenses were urged in the answer to the rule nisi. At the conclusion of the trial of the motion and rule, judgment was rendered sustaining the motion to dissolve, rejecting the demand for a preliminary injunction, recognizing the vendor's lien, rejecting the claim of exemption, and in favor of plaintiff for $109.40 and court costs against the property only. No personal judgment.

The judgment finally signed differs somewhat from that contained in the note of evidence, but recognizes plaintiff's vendor's lien upon the property seized, maintains the seizure and dissolves the restraining order, with damages in the sum of $15 and all costs.

From this judgment defendant attempted to appeal, both suspensively and devolutively. The devolutive appeal was granted, but the suspensive appeal refused "because, under Act No. 29 of 1924, section (5), only a devolutive appeal lies from an interlocutory order or decree, refusing to grant a preliminary injunction, but not a suspensive appeal."

On application to this court a writ of mandamus to compel the granting of a suspensive appeal was issued, for the reasons contained in a per curiam reported in State

ex rel. Lindsay v. Hemenway Furniture Co. (La. App.) 159 So. 183. The opinion holds that, as the court passed upon the only real issue in the case, that of privilege vel non, the judgment was in effect final. The case is now before us on the appeal.

On the trial of the rule it was proven that the property seized was sold by plaintiff to defendant, and that defendant had upon the property a vendor's lien and privilege until it was paid for. The note sued on is for the amount of the balance due on the account at the time it was given. The status of the note is fixed by the testimony of Mr. Hemenway, who says that it was not taken in payment of the account, but that "the note was taken as collateral to secure the account." The suit is a straight suit upon the collateral note, no privilege being claimed or recognized in the judgment, which carries the interest and attorney's fees, stipulated in the note. It is therefore plain that the suit is not upon the account, but upon the collateral note. We know of no law which extends to collateral a privilege existing upon the original obligation.

Mr. Hemenway further testifies that purchases were made on the account at different times. The original purchase was for the amount of $615. He says that all the property seized, except two heaters, was included in it. One heater was bought on October 21, 1929, for $17.50, and the other on January 18, 1930, for $6.25, making the total purchase price of the property seized not in excess of $639.15. Payments admitted are $636 and $12.50 credited on the note, or $648.50, more than enough, if imputable to payment of the goods seized, to discharge the indebtedness for same.

In the case of American Furniture Company v. Bishop, 18 La. App. 268, 137 So. 751, it is held, on the authority of article 2166 of the Civil Code and Forrey v. Strange, 158 La. 941, 949, 105 So. 21, 23, that payments made on open account should be imputed to the articles first purchased. Electrical Supply Company v. Eugene Freeman, 178 La. 741, 152 So. 510.

There is no itemized account in the record showing dates of purchases. We are satisfied that payments made were general upon the account; that they are certainly imputable to the articles included in the first purchase, and in the absence of proof to the contrary, to the two heaters included in the seizure. The articles seized having been paid for were not subject to the vendor's lien.

In the Forrey Case, supra, the court said: "The law allows no vendor's lien for a general balance upon all the property sold and delivered and charged for in said account. The law is, that the vendor's lien extends only to the very thing for which the price has not been paid, and only to the extent of the unpaid price thereof."

The burden of establishing its lien is upon the vendor. To do this, he must show not only the sale of the specific articles, but that they have not been paid for. We therefore find that plaintiff, the judgment sought to be enforced being silent on the subject, has failed to establish to the satisfaction of the court its vendor's lien upon the goods seized. We also find that defendant has offered no proof to sustain his claim of exemption.

The question then is whether or not the goods were subject to seizure under an ordinary monied judgment.

The certificate of the referee in bankruptcy offered and filed reads in part: "Wherefore the property so released from the custody of the Bankruptcy Court may now be seized and sold under such existing liens and mortgages, in the same manner as it might have been had no proceedings in bankruptcy intervened. Provided, however, that nothing herein is intended to subject said property to unsecured personal claims against the bankrupt, except as the same may be privileged by State law."

The seizing creditor, therefore, having no lien, and the property not being subject to seizure under an ordinary claim, the seizure was illegal, even though the property is not exempt.

The judgment, which we treat as final and definitive, is accordingly reversed, the motion to dissolve is overruled, and an injunction is ordered to issue permanently restraining the sale of the property seized and the seizure ordered released, the plaintiff, Hemenway Furniture Company, Limited, to pay all costs of the seizure and subsequent proceedings. Defendant's right to sue for damages for the illegal seizure is reserved, as requested.

The case is remanded, to be proceeded with in accordance with the views expressed herein.