**J. R. WATKINS CO. v. GEORGE et al.**

No. 5265.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

T. H. McEachern, of Homer, for appellant.

Seals & Atkins, of Homer, for appellees.

TALIAFERRO, Judge.

Plaintiff and defendant, Forrest E. George, entered into a written agreement whereby the latter agreed to purchase and sell, within the territorial limits described in the agreement, goods and manufactured products of the former. To insure payment of the price of all goods, wares, and merchandise sold on open account to and purchased by George under said contract, the other defendants, W. T. Harris, C. L. Gentry, and Arch Gentry, signed a guaranty, printed at the foot of the agreement, in which they "jointly, severally and unconditionally promise, agree and guarantee to pay for said goods and other articles (mentioned in the contract), and the prepaid transportation charges thereon, at the time and place and in the manner in said agreement provided." Total purchases by George under the contract amounted to $1,203.65, the last of which was made in July, 1930. Payments on the account aggregate $333.14, the last one being made in July, 1930.

In this suit, filed July 22, 1935, plaintiff seeks to recover judgment in solido against George and his three guarantors or sureties for the balance of $870.51 due on the account, with interest from judicial demand. The itemized account sued on is attached to and made part of the petition.

The guarantor defendants filed a plea of prescription of three years in bar. The plea was sustained and the suit dismissed. Plaintiff has appealed.

Appellant's position is that the suit is not on open account, but on the contract of guaranty signed by the exceptors, and therefore the prescription applicable to open accounts is not pertinent; that the account was simply attached to the petition to prove the extent of the guarantors' liability under the contract.

It is clear that the suit against George is on an open account. The suit against the guarantors is predicated upon the obligations assumed by them when they affixed their signatures to the contract of guaranty. The measure of their liability, if any, is limited to, but coextensive with that of George. If he is not bound for the amount sued for, neither are the guarantors bound therefor.

Under article 3538 of the Civil Code, as amended, merchants' accounts, whether by retail or wholesale, are subject to the prescription of three years. The current of this prescription only ceases from the time the account has been acknowledged in writing, a note or bond given, or an action commenced. In the present case, there is no allegation or suggestion that the account has been acknowledged in writing, nor that any note or bond has been given therefor. Action on the account was commenced long after three years from the time it was closed and the last payment made thereon. It is clear, therefore, that as to George, the account is prescribed and he cannot be held therefor, if he should elect to avail himself of the legal bar against its enforcement. The question arises: May the other defendants avail themselves of this bar, when the one primarily liable for the account has not yet done so? We are sure they may do so. The contract sued on is in its nature one of suretyship. Appellees are referred to therein as sureties, and thereby they are obligated to do certain things only in the event George did not do so.

In Isador Bush Wine & Liquor Company v. Leopold Wolff, 48 La.Ann. 918, 19 So. 765, it was held: "An agreement to extend a line of credit, for a certain amount, coupled with a stipulation for the payment of all goods purchased, binds a surety for a general balance of account."

Article 3060 of the Civil Code reads: "The surety may oppose to the creditor all the exceptions belonging to the principal debtor, and which are inherent to the debt; but he can not oppose exceptions which are personal to the debtor."

In keeping with the permissive letter of this article, the Supreme Court in Gilbert v. Meriam, 2 La.Ann. 160, held that a surety may plead prescription against a debt for which he is sought to be held; and in Hunter Stewart v. Levis Bros., 42 La.Ann. 37, 6 So. 898, a plea of payment was interposed by the surety and upheld; and in Satterfield v. Compton et al., 6 Rob. 120, the usurious character of the obligation sued on was allowed to be gone into by the surety; and in Leckie v. Scott et al., 10 La. 412, it was held that lack of any or an illegal consideration in the obligation sued on could be raised by the surety. In all of these cases, as well as in many others of like or similar character, the pleas of special defenses urged were held to be "inherent to the debt" (obligation) sought to be enforced. They are not personal defenses of the debtor, within the intendment of the quoted article. We think the plea of prescription well-founded. In addition to this, it may be appropriately said that suretyship is an accessory obligation by which one person binds himself for another already bound and agrees to satisfy the obligation, if the debtor does not do so. Civ.Code, art. 3035. But this presupposes the existence of a debt or obligation legally enforceable against the debtor. If the creditor withholds action on the obligation until prescription accrues, or otherwise acts so as to release the debtor, the surety may not be held to liability. If he would preserve intact his rights against the surety, he must with equal diligence preserve his rights against the debtor, so that when the surety is forced to respond for the latter, he may be subrogated to all the principal's rights against him.

"The surety is discharged when by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety." Article 3061, Civil Code. Dennis v. Graham et al., 159 La. 24, 105 So. 87.

In the present case, plaintiff's own delay and inaction have made it possible for prescription to run against the account. All it has to assign to the sureties, should they be forced to pay off, is an account not enforceable against the debtor. This being true, the sureties may not be held.

This suit is primarily on an open account. The sureties were subject to be sued with the debtor because they signed a contract to answer for him in the event of his default. Their responsibility is only secondary; his, primary. Without a balance due on the account, the conditions of the suretyship may not be availed of, and without an enforceable liability against the debtor, measured by the account, the sureties cannot be held for any amount under the contract executed by them. W. T. Rawleigh Co. v. Thrasher et al. (La.App.) 153 So. 719.

The judgment appealed from is correct, and it is hereby affirmed, with costs.