DORE, Judge.
This is a suit in which plaintiff seeks a judgment in the sum of $827.88 against defendants Joseph M. Calhoun, M. S. Stephens,. H.’ M. Calhoun and W.' M. Dowden, in solido.
Plaintiff, in its petition, sets out that on the 24th. day of December, 1941, it entered into a written agreement with the defendants, in which Joseph M. Calhoun acknowledged that he was indebted to it in the sum of $909.62, which said indebtedness Calhoun promised to pay during the term of the agreement, which payment was extended to on or before April 1, 1945; and in consideration of which extension and other valuable considerations, said M. S. Stephens, H. M. Calhoun and W. M. Dowden, in said agreement, promised, agreed and guaranteed, jointly and severally, to pay plaintiff “the said sum of money with! in the time aforesaid,- at the time and in the manner provided in said agreement.” Plaintiff annexed and made a part of the petition the alleged written agreement.
In Paragraph 4 of its petition, plaintiff alleges that pursuant to the agreement, it sold and delivered to said Joseph M. Calhoun, on and between December 24, 1941 and -May 29, 1944, its products, goods and merchandise amounting in the full sum of $4,214.44,- as shown by an itemized statement annexed'and made a part of its petition and marked “Exhibit B.”
In Paragraph 5 of its petition, plaintiff alleges that the said Joseph M. Calhoun, from- time to time paid by cash and merchandise (said merchandise presumably returned by him as per the said agreement) to it, plaintiff, the sum of $4,296.18 (which said payments, etc., are shown on “Exhibit B”), thus making an overpayment of said products, goods and merchandise of $81.74, which said amount was credited to the original indebtedness of $909.62, thus leaving a balance due of the original indebtedness in the sum of $827.88, which said balance due; after averring amicable demand without avail, is the amount claimed in this suit.
To this suit, defendants Joseph M. Calhoun, W. M. Dowden and M. S. Stephens (defendant H. M. Calhoun having died prior to service of citation being made), interposed the plea of prescription of three years under the provision of Article 3538 of the Civil Code as á bar to plaintiff’s claim.
Upon this plea of prescription, evidence was adduced. The plea was sustained and plaintiff’s suit was dismissed. Plaintiff has appealed.
The record discloses that on December 24, 1941, plaintiff and defendant, Joseph M. Calhoun, entered into a written contract or agreement whereby the plaintiff agreed to sell and deliver to Calhoun such goods and other articles manufactured or sold by it, as Calhoun might reasonably require for resale, from the date of the agreement until April 1, 1945,. and Calhoun agreed to purchase from the plaintiff the goods reasonably required by him as aforesaid. It appears that Calhoun was to make weekly written reports of his sales and to remit to plaintiff at least 60% of the amounts re *728 ceived by him from his cash sales and from his collections on sales previously made. The other provisions of the agreement are not essential in determining the issues herein in contest, save the last two paragraphs to he extended later.
It appears that at the time of the execution of this agreement, plaintiff had sold and delivered to Calhoun a certain lot of its goods previously and on which there was a balance due to the plaintiff of $909.-62, as evidenced by Paragraphs 9 and 10 of said agreement as follows:
“9. The purchaser promises to pay the company, at Winona, Minnesota, from time to time, after thirty days from the date of acceptance of this agreement, in amounts satisfactory to the company, the indebtedness he now owes the company, and agrees, at the expiration or termination of this agreement, to pay any balance thereon then remaining unpaid, payment of which indebtedness is hereby so extended.
“10. The Purchaser and the company, for the purpose of settling and determining the amount of the indebtedness now owing from the Purchaser to the company, hereby mutually agree that the said indebtedness is the sum of Nine Hundred Nine and 62/100 Dollars, which sum the Purchaser agrees to pay, and the company agrees to receive, and payment of which is extended as above provided.”
To insure payment of the acknowledged indebtedness, and of the price of all goods, wares and merchandise sold on open account to and purchased by Calhoun under said agreement or contract, the other defendants, M. S. Stephens, H. M. Calhoun (now deceased), and W. M. Dowden, signed a guaranty, printed at the foot of the contract or agreement, in which they “jointly, severally and unconditionally promise, agree and guarantee to pay said indebtedness, the amount of which is now written in said agreement,, * * * ; and we jointly, severally and unconditionally promise to pay for said goods and other articles, * * *, at time and place, and in the manner in said agreement provided.”
“Exhibit B” annexed to the petition and made a part thereof shows under date of “Dec. 24, 1941, Balance Agreed Upon and Extended in Contract . . . $909.62”; thereafter, under “Charges,” beginning on “Jan. 16, 1942, mdse., $6.40”, extending to “May 29, 1944, mdse. $35.65, and May 5,, 1944, Ins. $1.80. Total charges since Date of Contract, $4,214.44.” Under “Credits” beginning on Dec. 27, 1941, “Cash $20.00” and extending to “July 10, 1944, Csh. $100.-00”, we find, “Total Credits since Date of Cont. $4296.18.” The exhibit then shows “Excess Credits $81.74”; then of date “February 23, 1948 — Balance Due, $827.-88.”
The suit was filed on April 8, 1948.
It is the contention of the plaintiff appellant that the suit is based on an acknowledged account, and therefore, the prescriptive period is ten "years under Civil Code Article 3544 while defendants contend that the suit is based on an open account and the prescriptive period is three years under Civil Code Article 3538. Plaintiff makes another contention, that is, that a bond was furnished and in which case the prescriptive period is likewise ten years.
There is not any doubt in our mind that the amount stated in the agreement, that is, $909.62, is an acknowledged account and that the prescriptive period governing such amount is ten years under Civil Code Article 3544, unless we find that it has been extinguished either by becoming a part of the open account or paid; and that the open account created after December 24, 1941, the date of the agreement, is an open áccount which has never been acknowledged by any of the defendants and is therefore subject to the prescriptive period of three years under Civil Code Article 3538, unless we find that plaintiff’s contention of a bond being furnished took the account out of that prescriptive period.
In determining this case, it is necessary that we consider the imputation of payments made by Calhoun. The agreement provides that Calhoun promised to pay, from time to time, after thirty days from the date of the agreements, to the company on the indebtedness he owed. The record discloses that the first of these payments was on December 27, 1941, to the *729 amount of $20.00 (at a time he had not yet purchased on his open account), and continued to make payments up to July 10, 1944, when he paid the sum of $100.00. The total payments to the plaintiff on that day amounted to $4,296.18, a sum by far more than sufficient to cancel the acknowledged account. It is our opinion that plaintiff, if it cared to separate these accounts, should have first credited the stated account with the payments rather than the open account. The law and jurisprudence of this State are well settled that imputation ■of payments, unless ordered to the contrary, must be made by the creditor to the oldest ■account. See Civil Code Article 2166 and the cases thereunder. Under Civil Code Article 2166, and the jurisprudence, the ■imputation of these payments must be made to the debt which Calhoun had at the time ■most interest in discharging, which in this ■case was the acknowledged account, since it was acknowledged, and moreover, was the oldest obligation due. Calhoun made no special request that these payments be ■otherwise imputed. It is then our view that the acknowledged account thus was ■discharged and no longer existed at the time of the filing of the suit, and that the remaining of such payments then should be •applied to the open account which started on January 16, 1942. The account shows that the last purchase was made on May 29, 1944, and the last payment thereon was ■on July 10, 1944’of $100.00. The suit was not filed until April' 8, 1948, three’ years had ■elapsed and the account made after January 16, 1942, is therefore prescribed.
Plaintiff contends that the prescriptive period of three years does not apply and relies on the last paragraph of Civil Code Article 3538, which provides that “This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced”, contending that a bond had been given.
The full agreement annexed to the petition clearly shows it to be a contract of suretyship rather than a bond. The guarantors are referred to throughout the ■said agreement as sureties. Calhoun, the main defendant, is availing himself of the legal bar against ’the enforcement of this agreement of open account. It is well settled that the sureties, the other defendants, can avail themselves of the legal bar to the debt. Suretyship is an accessory obligation by which one person binds himself for another already bound and agrees to satisfy the obligation, if the debtor does not do so. Civil Code Article 3035. It presupposes the existence of a principal obligation legally enforceable against the debtor. If the creditor withholds action on the obligation until prescription accrues, thus releasing the debtor, the surety is likewise released. If the creditor would preserve intact his rights against the surety, he must, of necessity, preserve his rights against the debt- or so that when the surety is called to respond for the latter, he may be subrogated to all the principal’s right against the debtor.
In the present case, plaintiff’s own delay and inaction have made it possible for prescription to run against the account. All it has to assign to the sureties is a dead or unenforceable account. This being so, the sureties cannot be held.
This suit being primarily on an open account, the sureties were subject to be sued with Calhoun because they signed a contract to answer for him in the event of his default. Their responsibility is only secondary; his, primary. Without a balance due on the account, the conditions of the surety may not be availed of, and without an enforceable liability against Calhoun, measured by the account, the sureties cannot be held for any amount under the contract executed by them. J. R. Watkins Co. v. George, La.App., 169 So. 267, 268.
Plaintiff, in its brief, cites and relies upon the case of Michelin Tire Co. v. Delcourt, La.App., 149 So. 313, Id., 150 So. 303, a case from this court, wherein we held that a guarantor giving bond to secure merchant’s account was bond in solido, her obligation being direct and original, so that ten-year, rather than three-year, prescription was applicable to suit thereon and that debtor’s acknowledgment of debt interrupts prescription without renewal of *730 promise to pay. By referring to the guarantee in that case, it is readily seen that it is one of continuing guarantee, which is expressly recognized. The one in contest is merely a contract of surety. Furthermore, in that case, the debtor had acknowledged the indebtedness sued upon while in this case, Calhoun never did acknowledge the balance on the open account. That case is not apposite to the case at bar.
For these reasons, the judgment appealed from is affirmed.
J. CLEVELAND FRUGE, J., sitting ad hoc.