For the reasons assigned, the judgment appealed from is affirmed.

52 So.2d 528

**J. R. WATKINS CO. v. CALHOUN et al.**

No. 39895.

Supreme Court of Louisiana.

April 23, 1951.

Julian C. Hunter, DeRidder, for plaintiff-appellant.

Wood & Wood, Leesville, for respondents.

HAMITER, Justice.

A writ of certiorari to the Court of Appeal, First Circuit, brings before us for review its decision in this suit, plaintiff's demand in which is predicated on a written contract executed by and between the parties litigant.

In the contract, dated December 24, 1941, plaintiff, The J. R. Watkins Company (referred to as company), stipulated that it would sell at wholesale prices and deliver to defendant Joseph M. Calhoun (referred to as purchaser), from such date until April 1, 1945, various articles of merchandise. The purchaser agreed to buy the goods reasonably required by him for sale; to remit to the company weekly at least 60% of the amount received by him from his cash sales and from his collections on sales previously made; and at the expiration of the agreement to pay the whole amount then remaining unpaid.

Other pertinent provisions of the contract are the following:

"8. It is also mutually agreed that this is the complete, entire and only agreement between the parties, and that it shall not be varied, changed, or modified in any respect except in writing executed by the Purchaser and by an officer of the Company; and that either of the parties hereto may terminate this agreement at any time, if desired, by giving the other party notice thereof in writing by mail.

"9. The Purchaser promises to pay the Company, at Winona, Minnesota, from time to time, after thirty days from the date of acceptance of this agreement, in amounts satisfactory to the Company, the indebtedness he now owes the Company, and agrees, at the expiration or termination of this agreement, to pay any balance thereof then remaining unpaid, payment of which indebtedness is hereby so extended.

"10. The Purchaser and the Company, for the purpose of settling and determining the amount of the indebtedness now owing from the Purchaser to the Company, hereby mutually agree that the said indebtedness is the sum of Nine Hundred

H I G        W B

Nine and 62/100 - - Dollars, which sum the Purchaser agrees to pay, and the Company agrees to receive, and payment of which is extended as above provided."

Joining Joseph M. Calhoun in the written contract were the other three defendants herein, they having signed as sureties to guarantee payment of the purchaser's entire indebtedness.

In its petition of this suit plaintiff specifically alleged defendant's obligation under the written agreement for payment of the acknowledged pre-existing indebtedness of $909.62. Further, it set out that between the date of the contract (December 24, 1941) and May 29, 1944, it sold and delivered to the purchaser goods and merchandise of the value of $4214.44; that

the latter has paid on said account the sum of $4296.18; and that the overpayment of $81.74 has been credited on the pre-existing indebtedness of $909.62, leaving a balance due thereon of $827.88. Plaintiff prayed for a judgment in the amount of the alleged balance against the four defendants in solido.

Without answering, three of the defendants (one of the sureties died prior to service of citation) pleaded specially "the prescription of three years, as set out in Article 3538 of the Civil Code of the State of Louisiana, as a bar to plaintiff's claim, if any ever existed."

The district court, after hearing some testimony given by the defendant purchaser, sustained the plea of prescription of three years and dismissed the suit at the costs of plaintiff.

On plaintiff's appeal to the Court of Appeal the judgment was affirmed. 44 So. 2d 726, 728. In the course of its opinion that court observed:

"There is not any doubt in our mind that the amount stated in the agreement, that is, $909.62, is an acknowledged account and that the prescriptive period governing such amount is ten years under Civil Code Article 3544, unless we find that it has been extinguished either by becoming a part of the open account or paid; and that the open account created after December 24, 1941, the date of the agreement, is an open account which has never

been acknowledged by any of the defendants and is therefore subject to the prescriptive period of three years under Civil Code Article 3538, * * *.

"In determining this case, it is necessary that we consider the imputation of payments made by Calhoun. * * *"

The court then went on to hold that the acknowledged indebtedness had been extinguished through the payments which plaintiff alleged were made on the open account, they being legally imputable to the older obligation; and that defendants' plea of prescription was good as to the unacknowledged running account, more than three years having elapsed between its cessation and the institution of this suit.

For obtaining a review of the Court of Appeal's decision plaintiff, as before shown, successfully sought the writ of certiorari. Among other things it complains here that such court, as well as the district court, maintained a defense to the suit of payment when none was ever pleaded, the defendants having urged only the plea of three years' prescription. And its counsel argues in his brief: "* * * Petitioner was prepared, at the trial and in his argument to the trial court, to refute the plea of 'Prescription', but on the issue of 'Payment', since it was not pleaded, and counsel for the defendants refused at the trial of exception, to argue his case, no evidence or argument was offered by plaintiff to refute the defense of 'Payment'; nor was any mention made at any time, until oral

argument before the Court of Appeal, of the principle of imputing payments. Counsel for the petitioner has no doubt but that on that issue evidence could readily be produced by the petitioner to show and to prove that receipts and statements had been issued to Calhoun showing the application by the plaintiff company to the current purchases, of all amounts remitted to it by Joseph M. Calhoun. Petitioner contends that the exception of 'Prescription' should be overruled and the case remanded to the lower court for further action, at which time the question of whether or not defendant Joseph M. Calhoun accepted receipts and statements showing that payments made by him were applied to the current purchases, to his knowledge and without his objection, could be decided."

The mentioned complaint is, in our opinion, well founded. The petition clearly reveals that plaintiff's action is for judgment on the acknowledged pre-existing indebtedness, to which the prescription of ten years is applicable, and not on the open account, it particularly alleging (in order to show the source of the $81.74 credit applied to the older obligation) that the open account has been fully paid. This being true, the question of the extinguishment of such acknowledged indebtedness through payment is not properly determinable without a special defense creating that issue which, thus far, has not been pleaded herein. Payment is a defense requiring a special plea, and sufficient time must be allowed all interested parties to introduce evidence respecting it. Code of Practice Articles 345 and 346; Gleises v. Faurie, 6 La. 455; D'Arensbourg v. Chauvin et al., 6 La. Ann. 778; Ruhlman v. Smith, 15 La.Ann. 670; Frank DeLatour, Inc., v. Boscareno, 12 La.App. 596, 126 So. 743; Times-Picayune Publishing Company v. Jacobs, 13 La.App. 1, 126 So. 741.

Since payment has not been specially pleaded in this cause it was improper to hold that the acknowledged indebtedness, for which plaintiff seeks recovery, has been extinguished thereby. But the case will be remanded to afford to defendants the opportunity of urging that defense and to permit all parties to introduce evidence respecting it. At the present time, moreover, the plea of prescription of three years must be overruled; for applicable to the acknowledged indebtedness sued on is the prescription of ten years, and the open account is not now before the court inasmuch as it is not covered by any demand of either plaintiff or defendants.

For the reasons assigned the judgments of the district court and the Court of Appeal are reversed and set aside, the plea of prescription of three years is overruled, and the case is remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed.

The costs incurred in this court and in the Court of Appeal shall be paid by defendants, and all other costs shall await the final determination of the litigation.