CULPEPPER, Judge.
This is a suit on a promissory note. Plaintiff is the payee, holder and owner of the note. Defendant is the maker. The district judge held in favor of the plaintiff. Defendant appeals.
The facts show that plaintiff, Shushan Brothers & Company, Inc., sells various lines of merchandise at wholesale. In November of 1960 they employed defendant as a salesman to sell a certain line of merchandise in South Louisiana. Defendant first went through a training period of about two months at the plaintiff’s place of business in New Orleans, during which period he was paid a salary of $60 per week. Then defendant “went on the road” to sell the merchandise. The primary issue in this litigation is the nature of the agreement between plaintiff and defendant as to the manner in which defendant was to be paid for his services while “on the road”. Plaintiff’s witnesses, Mr. David F. Shushan, general manager, and Mr. Roy E. Templet, secretary and treasurer, testified they were present when the oral contract of employment was made. They testified it was agreed that Mr. Ortego would receive a salary of $60 a *802 week during his training period in New Orleans but, when he went out on the road, he would receive an advance of $100 a week, which was to he charged against any commissions he earned and that, if these advances exceeded his commissions, he was to be personally liable for the difference.
On the other hand, defendant testified the agreement was that he would receive a guaranteed advance of $100 per week, which he would not have to repay, except out of any commissions which he earned.
Defendant went on the road about January 23/ 1961. The ledger sheet of defendant’s account shows that, from the very beginning, his advances exceeded his commissions. Plaintiff became concerned about defendant’s failure to earn sufficient commissions to offset the amount of the advances. On April 21 defendant was called in to the home office and requested to sign the note herein sued on, in the sum of $537.79, to “balance his account”. The ledger sheet filed in evidence shows that actually a balance of $537.79 was owed by defendant on April 7, 1961, and that on April 21 he owed $837.79, but plaintiff’s witness, Mr. Templet, explained that the bookkeeping was simply 14 days behind.
Defendant admits he signed the note and that it represented the excess of his advances over commissions earned, but he testified he was not advised that he would have to repay the note except out of commissions and that he understood this was the only source from which he would have to pay the note.
About one week after defendant signed the note, his services were terminated. Following defendant’s discharge, additional credits for commissions earned were entered on his account with the final result that on September 7, 1961 the account showed a balance due by defendant in the sum of $559.14.
There is no dispute as to the law. The jurisprudence is well established that an excess of advances to an employee, over actual commissions or profits earned, cannot be recovered by the employer, in the absence of an express or implied agreement by the employee to repay such excess. See Landry v. Huber, 138 So.2d 449 (3rd. Cir.App.1962) and the many authorities cited therein. It is also settled that a contract of employment may provide for repayment of advances only from commissions earned. Williams v. Ligon, 144 So.2d 131 (4th Cir.App.1962) and cases cited therein.
We find no manifest error in the trial judge’s conclusion that there was an express agreement by the employee to repay the excess and that this excess was not payable only out of commissions earned. We think the lower court correctly attached particular significance to the fact that defendant signed the promissory note for the amount of the excess as of April, 1961. This strongly corroborates plaintiff’s interpretation of the agreement. In reaching this conclusion, we also rely on the well established principle of law that the trial judge, who sees and hears the witnesses, is in a better position than the appellate court to give proper weight to their testimony.
The next issue concerns imputation of payments. Defendant contends that all commissions which he received after the date of the note, April 21, 1961, should be imputed to the note. Using this method of computation there would be a balance due of only $149.61 on the note. Plaintiff contends there is only one debt, i. e., the open account, and the note represents the final balance due on September 7, 1961, in the sum of $559.14, which amount actually exceeds the amount of the note.
The facts show that plaintiff kept an open account in defendant’s name. It entered each week as “charges” the advances made to defendant and as “credits” the commissions earned by the defendant. The *803 evidence is clear that the note, dated April 21, 1961, represented the excess of advances over commissions as of April 7, 1961. Defendant, as well as plaintiff’s own witness, Mr. Templet, testified this was what the note represented. There is no evidence whatsoever to show that the note was given to secure the balance due on the open account on its termination.
Furthermore, the evidence does not show that either the defendant or the plaintiff made an imputation of the commissions received after the date of the note. Plaintiff simply entered these commissions on the open account without reference to whether they should be applied to those charges before the date of the note or to those after the date of the note.
Under these circumstances, we think the law is clear that the payments made (i. e., commissions received) by defendant, after the date of the note, must be imputed to the charges entered on this open account before the date of the note. This is true under several rules of imputation of payments. First of all, LSA-C.C. Art. 2166 provides that where neither the debtor nor the creditor makes an imputation, and the debts be of like nature, “ * * * the imputation is made to the debt which has been longest due; * * This rule of law has been applied many times to the items of indebtedness due on an open account. Milam’s Spot Cash Wholesale House v. Nomey, La.App., 154 So. 466; Electrical Supply Co. v. Eugene Freeman, Inc., 178 La. 741, 152 So. 510; American Furniture Co. v. Bishop, 18 La.App. 268, 137 So. 751. Thus, in the present case, in the absence of any imputation by the debtor or the creditor, the commissions earned must be imputed to the oldest charges on the account which, in this case, are represented by the note herein sued on. (It is noted here that this suit is only on the promissory note and not on the open account.)
A second reason for imputation of commissions received, after the date of the note, to the indebtedness represented by the note, is found in that portion of LSA-C.C. Art. 2166 which provides “ * * * the payment must be imputed to the debt, which the debtor had at the time most interest in discharging, * * In this case the note bore interest at 6% and contained the provision that defendant would be liable for 20% attorney’s fees in the event it became necessary to place the note in the hands of an attorney for collection. Thus, the portion of the debt represented by the note was clearly more onerous since those charges entered after the date of the note did not bear interest or attorney’s fees. Ardis & Co. v. Sibley, La.App., 17 So.2d 321. Furthermore, under the circumstances of this case, that portion of the open account represented by the note was more onerous because the note was, in legal effect, a stated account, i. e., an agreement whereby defendant acknowledged that he owed $537.79. On stated accounts generally see Handley v. Barretta, La.App., 181 So. 828; Interstate Electric Co. v. Interstate Electric Co. of Shreveport, La.App., 33 So.2d 779; 1 C.J.S. Verbo Account Stated § 1, pp. 693-695. On imputation of payments to acknowledged portion of an open account, see J. R. Watkins Co. v. Calhoun, La.App., 44 So.2d 726.
It is therefore our conclusion that all commissions received by defendant and entered on the open account, after the date the note was signed on April 21, 1961, must be credited to the note herein sued on. The evidence shows that after said date a total of $388.18 in earned commissions was received by defendant. Therefore, the balance due on the note is the sum of $149.61.
Since this suit was only on the promissory note, the judgment herein does not prejudice whatever rights plaintiff may have to sue on the open account.
For the reasons assigned, the judgment appealed is amended so as to reduce the principal due on the note from the sum *804 of $537.70 to the sum of $149.61. As thus amended, the judgment is affirmed. All costs of this appeal are assessed against the defendant appellant.
Amended and affirmed.